GRANT et al. v. CANANEA CONSOLIDATED COPPER CO.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. TRIAL (§ 6*)—NOTICE OF TRIAL—JOINDER OF ISSUES.
   Under Code Civ. Proc. § 977, permitting either party to serve notice of
   trial at any time after joinder of issues, issue is not joined until the
   last pleading presenting the issues to be tried is served.
   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 6.*]

2. TRIAL (§ 6*)—NOTICE OF TRIAL—TIME.
   Notice of trial was proper where the issues had been joined as to
   all defendants except one who had defaulted.
   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 6.*]

3. TRIAL (§ 9*)—CALENDAR—NOTICE OF TRIAL—NECESSITY.
   Though a case was ready to be noticed for trial when notice was
   served, new issues created by the subsequent service of a reply must be
   noticed for trial before the cause could be placed on the calendar for
   trial, and a demurrer to the reply would not affect the position of the
   action on the calendar, though the demurrer would have to be disposed
   of before the action could be placed on the trial calendar.
   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 9.*]

4. TRIAL (§ 14*)—CALENDAR—STRIKING CASE FROM CALENDAR.
   Though the case was ready for trial when the answer was served,
   if the reply created new issues, either party could have the case stricken
   from the calendar, until such issues were noticed for trial; the order
   requiring plaintiff to reply not providing that the case should remain on
   the calendar without further notice.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 33; Dec. Dig. § 14.*]

5. TRIAL (§ 9*)—CALENDAR—HOLDING CAUSES.
   The order requiring plaintiff to reply not having provided that the
   cause should remain upon the calendar for trial without further notice,
   such a condition could not be imposed after the order was acted upon.
   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term.

Action by James A. Grant and another against the Cananea Consolidated Copper Company. From an order denying a motion to strike the cause from the calendar, defendant appealed. Reversed, and motion granted.

See, also, 102 N. Y. Supp. 642.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

M. E. Harby, for appellant.
Walter B. Raymond, for respondents.

INGRAHAM, J. This action was commenced on October 8, 1906. This defendant-appellant served its answer on the 18th of November, 1907. On December 4, 1907, the plaintiff obtained an order for the service of the summons upon the defendant, the Cobre Grande Copper Company, by publication, and on January 17, 1908, the Cobre Grande Copper Company, appearing especially for that purpose, noticed a motion to vacate this order which was subsequently denied. On January 12, 1908, the defendant-appellant noticed a motion to require the plaintiff to reply to various defenses set up in its answer. On February 7, 1908, the plaintiff served a notice of trial for the March Special Term, and on the 8th of February, 1908, filed a note of issue for that term. Subsequently, and on February 24, 1908, an order was granted requiring the plaintiff to reply to certain defenses set forth in the amended answer of this appellant, which reply was served on March 7, 1908. Subsequently an order was granted ·requiring the plaintiff to serve a further reply and such further reply was served on July 6, 1908, and on July 27, 1908, this defendant-appellant served a demurrer to that reply, which demurrer has not been noticed for trial, and the issue raised thereby is still undisposed of. Other motions were subsequently made in relation to the amended answer of the defendant-appellant, and the reply thereto which have not been decided. After this notice of trial was served and the case placed upon the calendar, an order was entered denying a motion of the defendant Cobre Grande Copper Company to vacate the order for the service of the summons by publication, but on appeal to this court that order was reversed, and the order for service of the summons vacated. This being the situation, the defendant obtained on October 15, 1908, an order requiring the plaintiff to show cause on the 16th of October, 1908, why this case should not be stricken from the Special Term calendar; and from the denial of that motion the defendant appeals.

It would appear that this notice of trial when served on February 7th was regular, as the action was at issue as to all the defendants, except the Cobre Grande Copper Company, and, as the service on that company had been complete under the order of publication and the time had expired for it to appear and answer, that company was in default; but subsequently the plaintiff served a reply to the defenses contained in the answer of this appellant, and thereby new issues were created, upon the decision of which the final judgment depended.

Section 977 of the Code of Civil Procedure provides that at any

time after joinder of issue, and at least 14 days before the commencement of the term, either party may serve a notice of trial. Issue is not joined until the last pleading which presents the issues to be tried is served; and, assuming that the case was in a condition to be noticed for trial, when the notice of trial was served by the subsequent service of the reply, new issues were created which had to be noticed for trial before the action could be placed upon the calendar and tried. The fact that the defendant had demurred to the reply did not affect the position of the action on the calendar, although the action would not be in a condition to be brought on for trial until the issue raised by that demurrer had been disposed of; but when new issues had been created by the service of the reply, either party was entitled to have the case stricken from the calendar to be placed again upon the calendar when the new issues raised by the pleading had been noticed for trial. The fact that the court had power to impose as a condition for granting the order requiring the plaintiff to reply that the case should remain upon the calendar and be tried without further notice of trial does not meet this objection, as the court imposed no such condition, and, the order having been granted and acted on without imposing that condition, it would be too late now to impose it.

We think, therefore, that the case was properly noticed for trial, as the case was then at issue, and no further pleading was then required, but that subsequently, when a reply was served, new issues were created which had to be noticed for trial before the action could be brought on for trial against the objection of any of the defendants, and therefore either party to the action was entitled to have the action stricken from the calendar, and for that reason the motion should have been granted.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.