MAX GETTINGER and Another, Copartners, Doing Business under the Firm Name and Style of GETTINGER & NADEL, Respondents, *v.* JACOB GLASSER and Another, Copartners, Doing Business under the Firm Name and Style of GLASSER & WEINSTEIN, Appellants, Impleaded with NATIONAL SURETY COMPANY OF NEW YORK, Defendant. (No. 1.)

First Department, April 6, 1923.

**Trial — calendar — motion to place cause on preferred calendar is prematurely made where time of one defendant to reply to counterclaim of another or appear has not expired.**

A motion by the plaintiff to place the cause upon the preferred calendar is prematurely made, where the time within which one of the defendants may reply to a counterclaim interposed by another or appear has not expired, and defendant has neither replied nor appeared.

APPEAL by the defendants, Jacob Glasser and another, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1922, granting plaintiffs' motion for an order placing the case upon the preferred calendar, pursuant to subdivision 2 of rule 6 of the Rules for Regulating the Trial Terms of Supreme Court in First Judicial District, New York County. (See Civ. Prac. Act, § 141.)

*Max Shlivek* of counsel, for the appellants.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the respondents.

DOWLING, J.:

In the accompanying appeal between the same parties, this court has held that the National Surety Company was improperly stricken out as a party defendant, in view of defendants Glasser and Weinstein having set up a cause of action against it as an alternative to their counterclaim against plaintiffs, arising out of the disappearance of the same merchandise. (*Gettinger* v. *Glasser, No. 2,* 204 App. Div. 829.) Under the provisions of sections 237, 263 and 271 of the Civil Practice Act, the surety company was required to reply to the counterclaim within twenty days after service of the answer upon it or to serve a notice of appearance. At the time the present motion was made, the surety company had neither replied nor appeared, and its time to do so had not expired. Issue is not joined until the last pleading which presents the issues to be tried is served (*Grant* v. *Cananea Consolidated Copper Co.,* 129 App. Div. 77), and, therefore, the motion was prematurely made.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to renew when issue has been finally joined.

CLARKE, P. J., PAGE, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to renew when issue has been finally joined.