(100 App. Div. 64)

### BANK OF LE ROY v. PURDY et al.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. BILLS AND NOTES—CONSIDERATION—AGREEMENT NOT TO SUE—CORPORATIONS—ACTS OF AGENT—CONFLICTING INTERESTS.

Where the president of a bank agreed with the maker of a note, indorsed to the bank for discount for the benefit of a corporation, of which both the president of the bank and the maker of the note were officers, without knowledge on the part of the directors of the bank, that the maker should not be required to pay the note, such agreement was no defense to the maker's liability thereon; the latter knowing that the interest of the president of the bank in the corporation was in conflict with his duties to the bank.

Appeal from Judgment on Report of Referee.

Action by the Bank of Le Roy against Samuel D. Purdy and another. From a judgment in favor of plaintiff on a referee's report, defendant Samuel D. Purdy appeals. Affirmed.

The action was commenced on the 26th day of July, 1901, to recover upon two promissory notes made by the defendant Samuel D. Purdy, and bearing the indorsement of the defendant the Le Roy Gas & Electric Company. The issues in the action were referred to a referee to try and determine, who found as above stated, and from the judgment entered upon his report this appeal is taken by the defendant Samuel D. Purdy.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bartlett, Evans & Van Arsdale (James E. Norton, of counsel), for appellant.

Walter H. Smith (Horace McGuire, of counsel), for respondent.

McLENNAN, P. J. The material facts are not in dispute. One Butler Ward was president of the plaintiff bank, and was also a stockholder, director, vice president, and treasurer of the defendant the Le Roy Gas & Electric Company. The defendant Purdy

was also a stockholder and director of said electric company, and its president. On the 26th day of February, 1901, Purdy made his promissory note, as follows:

"On or before three months after date, for value received, I promise to pay to the order of myself, Two thousand eight hundred and fifty dollars, at the Bank of Le Roy, with interest. S. D. Purdy." Indorsed: "Pay to Le Roy Gas & Electric Co. or order. S. D. Purdy. R. L. Kinsey, Secretary."

The defendant Purdy also made his other promissory note, which reads as follows:

"Le Roy, March 4th, 1901. On or before three months after date, for value received, I promise to pay to the order of myself, One thousand fifty dollars, at the Bank of Le Roy, with interest. S. D. Purdy." Indorsed: "Pay Le Roy Gas & Electric Co. or order. S. D. Purdy. Le Roy Gas & Electric Company, B. Ward, Treas."

These are the notes in suit, and were given in renewal of other similar notes held by the plaintiff, were discounted by it, the proceeds placed to the credit of the electric company, and by it used in the regular course of its business. The original and renewal notes were made and delivered for the accommodation of the electric company, which at the time was in need of funds. Neither Ward nor Purdy received any individual benefit therefrom. Such notes were all· made and delivered by the defendant Purdy upon the express promise and assurance of Ward, plaintiff's president, that if he (Purdy) would sign said notes the plaintiff would discount them for the benefit of the said Le Roy Gas & Electric Company, and that he (said Purdy) would never be called upon to pay said notes; that the plaintiff would take care of them and hold him harmless on account thereof. The notes were made and delivered by Purdy in pursuance of such agreement and promise. When such agreement was made, Ward was in the office of the electric company, engaged in and about its business, and was engaged with Purdy in devising means to raise money for the electric company, of which they both were stockholders, directors, and officers. The directors and officers of the plaintiff other than its president, Ward, had no knowledge of the agreement or promise which he had made. So far as they were concerned, the notes were discounted in the ordinary and usual course of business.

We think the agreement which was made by Ward, plaintiff's president, and the knowledge which he had in respect to the notes in suit, did not constitute a defense to Purdy's liability as maker of such notes. It has been repeatedly held by the courts of this state that an agreement made by an officer of a bank, who is authorized to discount or purchase commercial paper, that the maker or indorser of such paper will not be required to pay or be held liable as maker or indorser of the same, is a valid agreement, binding upon the bank, and relieves the obligor from all liability in respect to such paper. Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831; Simmons v. Thompson, 29 App. Div. 559, 51 N. Y. Supp. 1018; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32.

In the last case cited the rule is stated in the headnote as follows:

"It is a defense to the enforcement of a promissory note against the maker by the party to whom he delivered it that the note was without consideration, and was delivered upon the condition that the maker should not be liable thereon."

Such rule, however, cannot be invoked by the appellant, for the reason that the agreement in question was made by Ward when he was acting in the interest of the electric company, and the agreement inured to its benefit, and was in no manner beneficial to the bank. This was known to the defendant Purdy. He also knew that the plaintiff's president was jointly interested in the electric company, in raising funds for it, and that their interests were antagonistic to the plaintiff; and he knew, or ought to have known, that while thus acting for himself and for his own benefit, or for their joint benefit, Ward could not act as agent for the bank and adversely to it. Such is the law. In Claflin v. Farmers' & Citizens' Bank, 25 N. Y. 293, the court said:

"It is a well-settled rule of the law of agency, to which I apprehend there is no exception, that no person can act as the agent of both parties to a contract, nor can act as agent in regard to a contract in which he has any interest, or to which he is a party, on the side opposite his principal."

See, also, Manhattan Life Ins. Co. v. Forty-Second St. Ferry, 139 N. Y. 146, 34 N. E. 776; Bank of New York v. American Dock & Trust Co., 143 N. Y. 559, 38 N. E. 713.

We think the rule may be stated to be: An officer of a bank cannot bind the bank by an agreement adverse to its interests made with another party, when such party and officer are, at the time such agreement was made, engaged in serving their own interests, or the interests of another corporation in which they are jointly interested, and where the sole purpose of the agreement is to benefit themselves, or the corporation or company in which they are interested. Neither can the knowledge obtained by such officer under such circumstances, and while so acting, be imputed to the bank for the purpose of establishing a defense to an obligation assumed by the other party to such agreement.

The facts in the case of Allen v. First National Bank, 127 Pa. 51, 17 Atl. 886, 14 Am. St. Rep. 829, are very similar to those in the case at bar, and it was held that an agreement like the one being considered was not available as a defense to the indorser of a note. It was said in substance in that case that as the cashier, the officer who assumed to make the agreement for the bank, was a member of the firm whose note was delivered; he could not act in the double capacity of agent for the bank and for the firm of which he was a member, respecting a transaction where their respective interests were adverse.

In the case of Innerarity v. Merchants' National Bank, 139 Mass. 332, 1 N. E. 282, 52 Am. Rep. 710, the court said:

"The proposition that the director of a corporation, acting avowedly for himself, or on behalf of another with whom he is interested in any transaction, cannot be treated as the agent of the corporation therein, is well established by authority."

The doctrine contended for by the appellant would be an inducement to fraud and breach of trust. If a president or other officer of a bank may loan its funds to a corporation in which he and another are interested, receive the obligation of such other party to secure such loan, and then make a valid agreement that such obligation will never be enforced, the way is clear for the perpetration of greater or at least a different kind of fraud by bank officers than has yet been sanctioned by the courts. The maker or indorser of a promissory note, who delivers it to a bank for the purpose of having it discounted, and the proceeds placed to the credit of a corporation or company of which he and the president of the bank are stockholders, directors, and officers, should understand that any agreement, no matter what its form or language, made by the president of the bank, which assumes to relieve him from liability as maker or indorser, is void, and constitutes no defense to such obligation.

The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur; HISCOCK, J., in result only.