### FOWLER v. WALCH et al.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

BANKS AND BANKING—OFFICERS—AUTHORITY OF PRESIDENT.

Where the president of a bank procured a note, signed by himself and others and payable to himself, as trustee, to be discounted by the bank solely for the joint benefit of himself and the other makers, he had no authority, as president, to bind the bank by an agreement that the note should be paid from the proceeds of the investment of the borrowed money, nor by an agreement that the bank should accept another note signed by one of the makers of the original note alone, in full payment of such original note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 288.]

Exceptions from Trial Term, Onondaga County.

Action by Albert P. Fowler, as receiver of the American Exchange National Bank of Syracuse, against Philip N. Walch and another. A verdict was directed in favor of defendants, and plaintiff's motion for a new trial on a case and exceptions was ordered to be heard by the Appellate Division in the first instance. Exceptions sustained, and new trial granted.

The action was commenced on the 18th day of April, 1904, by the receiver of the American Exchange National Bank of Syracuse, which was successor to the American Exchange Bank of Syracuse, to recover the balance claimed to be due and unpaid upon a promissory note made by the defendants and others, and which was discounted by the American Exchange Bank, through its president, who, as trustee, was named in the note as payee.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Irving D. Vann, for plaintiff.

W. L. Barnum, for defendants.

McLENNAN, P. J.　The question presented by this appeal is: May the president of a bank who procures a note, made by himself and others, to be discounted by said bank solely for the joint benefit of himself and of the other makers, by acting for or assuming to act for the bank, make any agreement respecting such note which will in any manner relieve such makers, himself included, from their obligation to pay the same, when such agreement made by the president has not been ratified by the bank otherwise than by his acts as such president?

The question should be answered broadly and most emphatically in the negative.

There is no material conflict in the evidence, but, where conflicting, we will assume the facts to have been established as claimed by the defendants; both parties having moved for the direction of a verdict. The American Exchange National Bank of Syracuse was organized in 1900 as a national bank.　It succeeded to all the rights and became possessed of all the assets of the American Exchange Bank of Syracuse, which was a state bank.　Manning C. Palmer had for many years been president of the American Exchange Bank, and was such when it became the American Exchange National Bank, which was organized as such on April 12, 1900, and he was upon its organization made president of such new bank, and continued to hold that office until its failure on February 10, 1904, all of which facts were known to the defendants in this action.　Shortly after the failure of the American Exchange National Bank, John W. Schofield was appointed receiver thereof, and on the 18th day of April, 1904, this action was commenced by him. On the 31st day of March, 1905, Albert P. Fowler was substituted as plaintiff in place of said Schofield.　This action is brought by such receiver to recover upon a promissory note in form as follows:

"$2,200.00.　　　　　　　　　　　Syracuse, N. Y., Mch. 21st, 1899.

"Four months after date I promise to pay to the order of M. C. Palmer, trustee, twenty-two hundred dollars at the American Exchange Bank.

"Value received.
　　　　　　　　　　　　　　　　　　　M. C. Palmer.
　　　　　　　　　　　　　　　　　　　"S. S. Ruston.
　　　　　　　　　　　　　　　　　　　"Philip N. Walch.
　　　　　　　　　　　　　　　　　　　"Geo. F. Hine.
　　　　　　　　　　　　　　　　　　　"C. G. Root.
　　　　　　　　　　　　　　　　　　　"G. A. Wilbur.
　　　　　　　　　　　　　　　　　　　"N. F. Sholes.

"Due July 21."

Indorsement: "M. C. Palmer, Trustee."

The making of the note and its indorsement by M. C. Palmer, trustee are conceded.　It is also conceded that there is due and unpaid thereon the sum of $1,360.76, with interest from the 1st day of September, 1899, unless the facts set up in the answer and proved upon the trial constitute a defense to such indebtedness in favor of the defendants to this action.

We deem it unnecessary to recite the evidence in this case in detail. Suffice it to say that it is established without dispute that the note in question was made for the purpose of enabling Palmer, who was president of the bank, and his associate makers of the note in question, to obtain the proceeds thereof for their joint purposes, which had no connection with the business of the bank, with the full knowledge of these defendants and of all the other makers of such note. Under such circumstances, we conclude that Palmer, as president of the bank, could not make any agreement, acting for or on behalf of such bank, which would tend to relieve the makers of such note, of which he was one, of their legal liability to pay the same.

Defendants concede that Palmer's agreement with the makers of the note that no liability should be incurred by them by reason of signing the same was void as against the bank. Such concession is undoubtedly made upon the well-settled principle of law that:

"No person can act as the agent of both parties to a contract, although he himself may have no interest on either side; nor can he act as agent in regard to a contract in which he has any interest, or to which he is a party on the side opposite to his principal." Claflin v. Farmers' & Citizens' Bank, 25 N. Y. 293.

The same rule was stated in Manhattan Life Ins. Co. v. F. S. S. & G. S. S. F. R. R. Co., 139 N. Y. 146, 34 N. E. 776. In the opinion in that case (page 151 of 139 N. Y., page 777 of 34 N. E.) it is said:

"It is an old doctrine, from which there has never been any departure, that an agent cannot bind his principal, even in matters touching his agency, where he is known to be acting for himself, or to have an adverse interest."

In the case at bar, Palmer, with the other makers of the note, was interested in procuring its discount solely for the benefit of themselves. Such discount was procured to be made by the bank through Palmer, acting for himself and the other makers of the note, solely for their purposes and benefit, so that under the cases cited, and many others which might be referred to, his acts, wherever inimical to the interests of the bank, could not be held effective or binding as against it, unless ratified by it. It is, however, urged by the defendants that there is a distinction between the agreement made by Palmer, as president, and the makers of the note, that such makers should not be liable, and the agreement made between Palmer and them that certain moneys which should come into the bank as the proceeds or result of the money obtained upon such note should be applied in payment thereof. We fail to see any such possible distinction. When the note in suit was discounted by the bank, each maker became liable for its payment in full, and it was no concern of the bank that one of such makers, notwithstanding he might have been its president, may have, without its knowledge or consent, agreed that it should be paid out of certain funds which might be received by the bank. It would be idle to hold that a president of a bank might not agree that a certain note made for his benefit, among others, would not impose any liability upon the makers, and then to hold that he might make a valid agreement binding upon the bank that such note should be paid out of a particular fund to be produced by himself and the other joint makers of such note

and to be applied in payment thereof, and that if not so applied such note would cease to be a valid claim of the bank against such makers.

Again, it is suggested that these defendants, makers of the note, are relieved from their obligation to pay, because Palmer, who was president of the bank, accepted a note made by one of the joint makers of the original note in full satisfaction and payment of such note. Again, the same difficulty arises. Palmer, assuming to act for the bank, accepts a note made by one of the joint makers of the original note held by the bank, in payment of such note; in other words, in payment of the note upon which he and his associates were liable. We think his action in that regard was absolutely void, and in no manner affected the rights of the bank. This whole question has been recently considered by this court in the case of Bank of Le Roy v. Purdy, 100 App. Div. 64, 91 N. Y. Supp. 310, in which the rule as understood by the court was laid down in the following language:

"An officer of a bank cannot bind the bank by an agreement adverse to its interest made with another party, when such party and officer are at the time such agreement was made engaged in serving their own interests or the interests of another corporation in which they are jointly interested, and where the sole purpose of the agreement is to benefit themselves or the corporation or company in which they are interested."

The alleged agreement claimed by the defendants and which we will assume was made between them and Palmer, all of whom were alike interested, is that certain income or proceeds from the avails of the note in question should be applied by Palmer to its payment. That was an agreement solely for the benefit of himself and his associate makers upon the note, and was solely for the purpose of benefiting "themselves or the corporation or company in which they are interested." Such agreement, although made by the president of the bank, could not affect or in any manner curtail its rights to enforce the note which it held, and for which it had given full consideration. The same suggestion applies with equal force to the agreement by Palmer, as president of the bank, to receive the note of Hine in full payment of his own obligation and that of his associate makers of the original note. It would be futile to say that a president of a bank may not make an agreement which will relieve him from obligation upon a note made by himself and others and discounted by such bank, but that he can relieve himself and some of his associate makers from liability upon such note by accepting the note of one of such makers in full payment of such original note.

We think that under the facts disclosed by the evidence in this case, interpreted most favorably to the defendants, there is no basis for holding that they are not liable for the amount due and owing upon the note in suit. It follows that the plaintiff's exceptions should be sustained, and that a new trial should be granted, with costs to the plaintiff to abide event.

Plaintiff's exception sustained, and motion for new trial granted, with costs to plaintiff to abide event. All concur.