MAX GETTINGER and Another, Copartners, Doing Business under the Firm Name and Style of GETTINGER & NADEL, Respondents, *v.* JACOB GLASSER and Another, Copartners, Doing Business under the Firm Name and Style of GLASSER & WEINSTEIN, Appellants, Impleaded with NATIONAL SURETY COMPANY OF NEW YORK, Respondent.  (No. 2.)

First Department, April 6, 1923.

**Parties — action for work, labor and services — counterclaim against plaintiffs for goods intrusted to them by defendants and lost through burglary — counterclaim in alternative against insurance company issuing burglary insurance policy — insurance company is proper party defendant and its name should not have been stricken out.**

In an action to recover for work, labor and services performed in making ladies dresses from material furnished by defendants, appellants, the latter interposed a counterclaim against the plaintiffs for the value of material which they had delivered to the plaintiffs and which was lost through burglary while in the plaintiffs' possession, or in the alternative against the defendant insurance company which had issued the policy of burglary insurance on the go ` in question.

*Held,* that the insurance company is a proper party defendant and its name sh :ld not have been stricken out.

APPEAL by the defendants, Jacob Glasser and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1922, striking out the name of the National Surety Company of New York as a party defendant, and also striking out from the amended answer all allegations in reference to said company.

*Max Shlivek,* for the appellants.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the plaintiffs, respondents.

*Harry W. Henderson,* for the respondent National Surety Company.

DOWLING, J.:

This action was brought by plaintiffs against the defendants Glasser and Weinstein to recover the sum of $3,569.13, for work, labor and services. Said defendants by their amended answer, among other defenses set up, as a second, separate and distinct defense, that plaintiffs were employed to manufacture ladies' dresses for Glasser & Weinstein from materials furnished by the latter; that payment in full was made for such services up to December 1, 1921; and that between December 1, 1921, and January 23, 1922, Glasser & Weinstein delivered to plaintiffs raw materials of the agreed value of $21,453.76, for manufacture into dresses; that between December 9, 1921, and January 23, 1922, plaintiffs delivered to Glasser & Weinstein finished dresses at a charge for raw material and work, labor and services performed thereon of $12,909.18, whereof $8,497.18 was the agreed value of the raw material used therein.

It is then alleged that, under a policy of insurance of defendant, National Surety Company of New York, No. 979330, dated May 2, 1921, and amended by rider dated October 31, 1921, all duly executed and delivered to the defendants Glasser & Weinstein for a good and valuable consideration, the said defendant surety company insured Glasser & Weinstein against loss or damage by burglary, and agreed to make good to Glasser & Weinstein all *loss* or damage by burglary, all loss or damage to property which they might suffer by reason of goods, wares and merchandise being feloniously abstracted from the interior of the premises occupied by the plaintiffs herein at No. 20 West Twentieth street, in the borough of Manhattan, city of New York, county and State of New York, by any person or persons who made forcible and violent entry into the said premises or exit therefrom, not exceeding in amount the sum of $4,000, and which loss or damage should happen between the said 2d day of May, 1921, and the 2d day of May, 1922; and it was further provided in said policy that any such loss should be paid immediately upon giving a proof of the same by the defendants, Glasser & Weinstein, but that no action should be commenced thereon until ninety days after the particulars of the loss had been furnished to the defendant National Surety Company of New York.

It is further alleged on information and belief that heretofore and on or about the 23d day of January, 1922, while the said policy was in full force and effect, the premises so occupied by the plaintiffs herein were broken into and forcibly and violently entered by some person or persons and there were feloniously abstracted therefrom raw materials consisting of pieces of taffeta

belonging to the defendants Glasser & Weinstein, of the value of $6,878.69; that immediately upon the discovery of such loss, Glasser & Weinstein duly notified the defendant National Surety Company of New York thereof, and made proof of such loss according to the requirements of the said policy of insurance, and have duly performed all the conditions of said policy on their part; and that more than ninety days have elapsed since furnishing to the defendant National Surety Company of New York all of the particulars of the said loss, but that the defendant National Surety Company of New York has paid to the defendants Glasser & Weinstein no part thereof.

The amended answer sets up, furthermore, a fourth separate and distinct defense, and by way of counterclaim alleges that heretofore and between the 1st day of December, 1921, and the 22d day of January, 1922, the defendants, Glasser & Weinstein, delivered to the plaintiffs goods, wares and merchandise of the fair, reasonable and market value of $6,878.69, and employed and engaged the plaintiffs to manufacture the said merchandise into ladies' dresses, which the plaintiffs promised and agreed to do and return the same to the defendants Glasser & Weinstein within a reasonable time on demand; upon information and belief, that the plaintiffs have failed to manufacture dresses from the aforesaid goods, wares and merchandise for the defendants Glasser & Weinstein; and that during the latter part of January, 1922, the defendants Glasser & Weinstein duly demanded of the plaintiffs that they return to them the aforesaid goods, wares and merchandise, but the plaintiffs have failed and refused to do so.

The prayer for relief is:

" Wherefore, the defendants Glasser & Weinstein demand judgment dismissing the complaint of the plaintiffs herein, with costs, and for judgment against the plaintiffs in the sum of $6,878.69 with costs, or in the event that the plaintiffs recover judgment against the defendants Glasser & Weinstein that the said defendants Glasser & Weinstein shall recover judgment against the defendant National Surety Company of New York for the sum of $6,878.69, together with the costs and disbursements of this action."

It is thus apparent that the defendants Glasser & Weinstein are seeking to have determined in this action the question of who is liable to them for the value of the goods amounting to $6,878.69, which were intrusted to the custody of plaintiffs and insured by the surety company in favor of Glasser & Weinstein while in such custody. Were the goods converted by plaintiffs, in which event Glasser & Weinstein are entitled to counterclaim their value against

First Department, April, 1923.     [Vol. 204, App. Div.]

plaintiffs; or were they stolen therefrom as the result of a burglary, in which event the surety company is liable to Glasser & Weinstein for their value up to $4,000? This controversy affects property intrusted to plaintiffs for the purpose of manufacture, and is so closely connected with plaintiffs' cause of action that it should be determined in the present suit. The policy of encouraging, so far as might be possible, the decision of all controversies between the parties in a single action, was followed under the former practice, which allowed a liberal construction of the provisions of the Code relative to counterclaims. (*Kelly* v. *Webster*, 143 App. Div. 737.) Certainly no intention to depart from such a rational procedure is to be found in the provisions of section 271 of the Civil Practice Act, under which defendants Glasser & Weinstein have proceeded herein.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.