KELVIN ENGINEERING CO., INC., Respondent, *v.* DAVID H. KNOTT, Individually and as Sheriff of the County of New York, Respondent, Impleaded with THE AMERICAN EXCHANGE NATIONAL BANK, Appellant.

First Department, March 20, 1925.

**Parties — action against sheriff based on failure to execute attachment — answer alleges as counterclaim that defendant bank conspired with another to remove property from State — said counterclaim does not raise issue between defendant sheriff and plaintiff along with defendant bank — defendant bank cannot be brought in as party under Civil Practice Act, § 271.**

In an action against a sheriff to recover damages based on alleged negligence resulting in his failure to levy an attachment on certain securities in the possession of the defendant bank, the sheriff cannot bring in, under section 271 of the Civil Practice Act, the defendant bank as a party upon a counterclaim, in which he alleges that, as a result of a conspiracy between the defendant bank and a third person, the securities, which were subject to the attachment and were left with the defendant bank upon its assurance that it would hold them subject to the warrant of attachment, were taken from the State so that the sheriff was rendered unable to levy under the attachment.

The alleged counterclaim, while it may state a cause of action against the defendant bank, does not raise any issue between the sheriff and the plaintiff along with the defendant bank, and, therefore, the bank cannot be brought in as a party to the action.

APPEAL by the defendant, The American Exchange National Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of May, 1924, denying its motion to dismiss the counterclaim alleged against it in the answer of defendant David H. Knott.

*Cardozo & Nathan* [*Michael H. Cardozo, Jr.,* of counsel], for the appellant.

*George B. Hayes,* for the respondent Kelvin Engineering Co., Inc.

BURR, J.:

Plaintiff sues to recover damages in the sum of $500,000 from the defendant Knott, individually and as sheriff of the county of New York, for alleged negligence in connection with a levy under an attachment. Defendant's answer is in substance a general denial, and it also contains a so-called " defense " and a " counter-

claim " against the American Exchange National Bank. It is that counterclaim to which this motion is addressed. The answer charges the American Exchange National Bank with having conspired with one Almeida, one of the defendants in the principal suit (in which the attachment was issued), to defeat a levy made by the defendant as sheriff. It is alleged that at the time demand was made on the bank it had in its possession certain bonds; that the bank refused to deliver the same to the deputy sheriff, but agreed to hold the bonds subject to the warrant of attachment; that thereafter the bank and Almeida, conspiring together to defeat the attachment and prevent the levy thereunder by the defendant Knott, as sheriff, caused the bonds to be taken without the State of New York, so that the defendant Knott, as sheriff, was unable to obtain possession of the bonds.

Defendant Knott prays judgment: (1) That the complaint be dismissed as against him, with costs; (2) that he have judgment against said American Exchange National Bank and said Federico Almeida for the possession of said securities, or their value; (3) that, in the event that it is determined herein that this defendant is liable in damages to the plaintiff because of his inability or failure as such sheriff to take possession of said securities under said warrant of attachment, judgment be granted herein for the amount of said damages against said American Exchange National Bank and said Federico Almeida in the defendant's favor for the amount of said damages; (4) that this defendant have such other and further relief as to the court may seem just. A copy of said answer was served on the American Exchange National Bank.

The defendant Knott seeks to make the American Exchange National Bank a party to this action, under the procedure set forth in the Civil Practice Act (§ 271) which provides as follows: " Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action."

That section permits third parties to be brought in in cases where the counterclaim raises questions between the defendant and the plaintiff along with any other persons. This is not such a case. In the so-called counterclaim the defendant raises no question between himself and the plaintiff; it presents a claim which the defendant asserts against the bank alone. It is clear that this is not, therefore, within the provisions of this section.

This question has recently been before this court, which held that where the original defendant did not have a counterclaim

against the plaintiff, a third party could not be brought in as a defendant.

In *Williams* v. *Tompkins, Inc.* (208 App. Div. 574) the plaintiff sued upon twenty-two promissory notes. The defendant in the second counterclaim sought, to join as parties the members of the firm of Leary & Co., alleging that under an agreement between the defendant (Edw. De V. Tompkins, Inc.), Tompkins individually and Leary & Co., the defendant was to be released from all liability to the plaintiff on the notes in question. The plaintiff was not a party to the agreement, but merely consented thereto as a stockholder of the corporation. MERRELL, J., said (at p. 577): " It thus appears that the defendant first sets forth what may be a complete defense to the notes in suit, and in another breath says that if the defendant is liable thereon, the other parties should be required to pay any judgment recovered herein. It is perfectly plain that the facts alleged by way of counterclaim in said answer do not constitute a cause of action against the plaintiff. While the allegations in the counterclaim are that the defendant Leary & Co. released the defendant from all obligation on the promissory notes set forth in the complaint herein with the consent and acquiescence of the plaintiff, and that by virtue of said agreement the defendant was released from all obligation to the plaintiff on said notes, the contract itself does not support such allegation. By the terms of said contract Leary & Co. merely released Tompkins individually, and Tompkins, Inc., the defendant herein, from obligation to refund or to repay to Leary & Co. moneys advanced by them to the defendant for the construction of said sewer; and nowhere in the agreement is there or could there be any agreement to release the defendant from its obligation to the plaintiff. It nowhere appears that the plaintiff has been released from his obligations to Leary, and by the taking over of the contract for the construction of said sewer by Leary & Co. the plaintiff is stripped of all interest in the sewer contract, and unless the plaintiff can collect upon the notes in suit he will be without means to meet his obligations to Leary."

And at page 578: " I do not think that the defendant in its second counterclaim alleges any facts which raise questions between the defendant and the plaintiff along with the other persons sought to be brought in as parties defendant. Under the allegations of the counterclaim and by virtue of the provisions of the contract annexed to and made a part thereof, there arises no claim on the part of the defendant against the plaintiff. How then can it be said that the counterclaim raises questions between the defendant and the plaintiff along with said other persons sought to be brought

in? The basis of a counterclaim is a cause of action on the part of a defendant against a plaintiff. No facts are alleged in the answer showing any claim on the part of the defendant against the plaintiff. It may be that the defendant has a claim against Leary & Co., but if so it is a claim entirely independent of the plaintiff and under an agreement to which the plaintiff was not a party."

The court below felt bound by the decision of this court in *Gettinger* v. *Glasser, No. 2* (204 App. Div. 829) and overlooked the distinction which has now been pointed out by this court in *Williams* v. *Tompkins, Inc. (supra)*.

In *Gettinger* v. *Glasser, No. 2 (supra)* this court held that in an action brought for work, labor and services it was proper to bring in as a defendant an insurance company which had indemnified the defendants against loss by burglary, where the defendants had a counterclaim against the plaintiffs for conversion of the goods which were the subject of the controversy; that brought the case within the provisions of section 271, as was pointed out by Mr. Justice MERRELL in his opinion in *Williams* v. *Tompkins, Inc.*, where he said (at p. 580): " The distinction between *Gettinger* v. *Glasser* and the case at bar lies in the fact that there the defendants clearly had a counterclaim against the plaintiffs for the value of the goods which had been delivered to the plaintiffs to be manufactured but for which the plaintiffs had not accounted; and this court properly held under such circumstances that it was proper to join the insurance company which had issued its policy of insurance for the protection of the defendants upon its goods while in plaintiffs' custody. In such case the counterclaim set up by the defendant did raise questions between the defendants and the plaintiffs along with the insurance company. If the plaintiffs had converted the goods, they then were liable to the defendants upon the counterclaim. On the other hand, if the goods were stolen from the plaintiffs without their fault, the insurance company then was liable to reimburse the defendants for the loss thereof. In the case at bar no facts whatever are stated upon which the defendant corporation can be granted any affirmative relief against the plaintiff."

The order appealed from should be reversed, with ten dollars costs and disbursements to appellant, and the motion to dismiss the counterclaim granted, with ten dollars costs.

DOWLING, MERRELL, MCAVOY AND MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.