JACROV AMUSEMENT CO., INC., Plaintiff, *v.* ————— FISCHEL and Others, Defendants.

Supreme Court, New York County, April 12, 1928.

Pleadings — counterclaims — motion to strike out counterclaim against plaintiff and another whom defendants seek to join as party defendant under Civil Practice Act, § 271 — said alleged counterclaim does not run against plaintiff " along with " said additional defendant — if presence of said additional defendant is necessary, she may apply, under Civil Practice Act, § 193, subd. 3, to be brought in.

The defendants have interposed a counterclaim against the plaintiff and another whom they seek to join as a party defendant, under section 271 of the Civil Practice Act. Plaintiff's motion to dismiss the counterclaim is granted. The counterclaim is based upon an alleged contract between the defendants and said additional defendant, and in no way involves the plaintiff in this action, and, therefore, it does not raise questions between the defendants and the plaintiff " along with " said additional defendant.

If the presence of said additional defendant is necessary to insure a complete determination of the controversy, she may be brought in on her own application, under subdivision 3 of section 193 of the Civil Practice Act.

MOTION by plaintiff to strike out counterclaim in defendants' answer against plaintiff and another whom defendants sought to join as party defendant.

*J. Zelenko* and *A. Wald,* for the plaintiff.

*Fliashnick & Sustick* [*Bernard Fliashnick* of counsel], for the defendants.

MITCHELL, J.  Plaintiff moves to strike out the counterclaim set up in defendants' answer against plaintiff and Molly Minsky, the latter of whom defendants seek to join as a party defendant, pursuant to the provisions of section 271 of the Civil Practice Act. I do not think that the defendants, by what they here designate as a counterclaim, raise questions between themselves and the plaintiff " along with " the third person sought to be joined as a party defendant.  The basis of a counterclaim is a cause of action on the part of a defendant against a plaintiff.  No cause of action is here stated by the defendants against plaintiff, nor is one stated by the defendants against Molly Minsky.  The " counterclaim " presents a situation whereby one of the defendants, by virtue of an agreement between the latter and Molly Minsky, involving the disposition as between them of the fund for which plaintiff sues, may be liable to the said Molly Minsky therefor.  Plaintiff was not a party to this agreement, and any questions concerning defendants' liability arising by virtue thereof are entirely independent of the plaintiff.  Hence the defendants do not present a counterclaim which raises questions between themselves and the plaintiff along with the third person sought to be joined as a codefendant.  It may well be that Molly Minsky should be made a party to this action to insure a complete determination of the controversy.

It would seem clear, however, that defendants have adopted incorrect practice in their efforts to attain that result.  They apparently did not choose to take advantage of the provisions of section 287 of the Civil Practice Act which might have been available to them before service of their answer.  (*Pollack* v. *Jackson,* 124 Misc. 608.)  It may be suggested, however, that section 193, subdivision 3, of the Civil Practice Act provides that, where a person not a party to the action has an interest in the subject thereof, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment. The sufficiency of the complaint has not been considered, since this is not a motion for judgment on the pleadings or to determine the sufficiency of any of the pleadings as such.*

---

* Complaint was subsequently dismissed by Mr. Justice GIBBS with the following memorandum:  " The complaint does not sufficiently plead due performance of the agreement.  If the averments relative to performance were properly stated, the pleadings would raise issues which could only be disposed of by trial.  Motion to dismiss complaint granted, with leave to plaintiff to serve an amended complaint within ten days upon payment of ten dollars costs.  Defendants to have ten days thereafter in which to serve answers.  Order signed."

The only question raised is as to the propriety of the counterclaim in defendants' answer under section 271 of the Civil Practice Act.

Accordingly, plaintiff's motion is granted to the extent of striking out the said counterclaim from the defendants' answer. Settle order.

