ALBERT G. WALKER, as Trustee in Bankruptcy of FREDERICK SOUTHACK & ALWYN BALL, JR., INC., Plaintiff, *v.* ALRICH H. MAN and Others, Defendants.*

Supreme Court, New York County, February 5, 1931.

*Robert P. Levis [David L. Podell, Mortimer Hays* and *Julius J. Nirenstein* of counsel], for the plaintiff.

*Davies, Auerbach & Cornell [Martin A. Schenck* of counsel], for the defendants Man and others.

*Hawkins, Delafield & Longfellow,* for the defendant Wadham.

*Greene & Hurd [Daniel S. Murphy* of counsel], for the defendants John Lowry and John Lowry, Inc.

COLLINS, J.   The plaintiff moves for an order striking out of the answer of the defendant Man the second affirmative and complete defense pleaded as a counterclaim and setoff, and striking out the third affirmative and partial defense, and by way of counterclaim under section 271 of the Civil Practice Act against the defendant John Lowry and John Lowry, Inc.

As to the second affirmative and complete defense, advanced by way of setoff and counterclaim, the challenge must be upheld for the reasons stated in the accompanying memorandum (142 Misc. 288) granting the plaintiff's motion to strike out certain defenses contained in the answer of the defendant Wadham and there pleaded as setoffs and counterclaims.

I am persuaded that the objection to the third affirmative and partial defense and by way of counterclaim under section 271 of

* See, also, 142 Misc. 277, 288.

the Civil Practice Act against the defendant John Lowry and John Lowry, Inc., is valid and must be sustained.

John Lowry was a director of the bankrupt and is named as defendant herein. John Lowry, Inc., however, is not designated as a defendant, but the defendant Man seeks to make him a party defendant under section 271 of the Civil Practice Act, alleging: That the defendant Man (and other defendants) supplied the bankrupt with the sum of $140,000, of which $128,876.90 is still owing; that an indebtedness owing to John Lowry and/or John Lowry, Inc., amounting to $149,860.25 had been guaranteed by the bankrupt; that the bankrupt paid to John Lowry or John Lowry, Inc., $50,000 on account of such liability, which $50,000 came out of the $140,000 furnished by the defendant Man (and others); that the plaintiff, as trustee in bankruptcy, has brought suit in the Federal court against John Lowry, Inc., to recover the $50,000 as a preference. This third defense asks that the transaction, as regards the $50,000, be rescinded, and that the rights and liabilities between this plaintiff and John Lowry and/or John Lowry, Inc., be adjudicated herein, that the moving defendant have judgment against John Lowry and/or John Lowry, Inc., therefor, and that said amounts be set off against any liability from this defendant (Man) to the plaintiff herein.

No affirmative relief is asserted in this third affirmative defense against the plaintiff.

Section 271 of the Civil Practice Act provides that where a defendant sets up a counterclaim which raises questions " between himself *and the plaintiff along with* any other persons " he may bring such other persons in as defendants and obtain such relief against them as he may be entitled to. Patently, however, the parties sought to be impleaded may not be brought in unless the proposed counterclaim is against the plaintiff *along with* such new party. The new procedure, of course, was designed to eliminate and prevent circuity of action. Multiplicity of suits is sought to be avoided. It is desirable that all controversies be determined in one action, if that can be done without prejudice to the rights of a litigant.

It was never intended, however, that in a suit between A and B, B might set up a counterclaim against C with which A has no connection. Such counterclaim may be asserted only if it raises questions between B and A *along with* C.

In *Williams* v. *Tompkins, Inc.* (208 App. Div. 574, 578), the First Department said: " The defendant, by the interposition of said second counterclaim, seeks to bring in said new parties by virtue of the provisions of section 271 of the Civil Practice Act which provides in part, as follows:

" ' § 271. New parties set up in counterclaim. Where a defendant sets up any counterclaim *which raises questions between himself and the plaintiff along with any other persons*, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross-action, would be defendants to such cross-action.' (Italics are the writer's.)

" The remainder of section 271 provides that, where such other person is not a party he shall be summoned to appear and be served with the answer, and thereby becomes a party defendant to the action and may reply to said counterclaim or he may serve a notice of appearance on the party interposing the counterclaim.

" I do not think that the defendant in its second counterclaim alleges any facts which raise questions between the defendant and the plaintiff *along with* the other persons sought to be brought in as parties defendant. Under the allegations of the counterclaim and by virtue of the provisions of the contract annexed to and made a part thereof, there arises no claim on the part of the defendant against the plaintiff. How then can it be said that the counterclaim raises questions between the defendant and the plaintiff along with said other persons sought to be brought in? The basis of a counterclaim is a cause of action on the part of a defendant against a plaintiff. No facts are alleged in the answer showing any claim on the part of the defendant against the plaintiff. It may be that the defendant has a claim against Leary & Co., but if so it is a claim entirely independent of the plaintiff and under an agreement to which the plaintiff was not a party."

The doctrine of the *Williams Case* (*supra*) was reaffirmed in *Kelvin Engineering Co., Inc.,* v. *Knott* (212 App. Div. 413, 414), where it was said: " That section permits third parties to be brought in in cases where the counterclaim raises questions between the defendant and the plaintiff along with any other persons. This is not such a case. In the so-called counterclaim the defendant raises no question between himself and the plaintiff; it presents a claim which the defendant asserts against the bank alone. It is clear that this is not, therefore, within the provisions of this section."

Additional illustrations of the inapplicability of section 271 are found in *Zauderer* v. *Market Street Long Beach Realty Corp.* (128 Misc. 364); *Federal Credit Bureau, Inc.,* v. *Narice Holding Corp.* (136 id. 37).

Such cases as *Gettinger* v. *Glasser* (204 App. Div. 829), relied upon by the defendant Man, are distinguished in the *Williams Case* (*supra*). The contention that the present case comes within the purview of section 271 of the Civil Practice Act, because the transaction sought to be made the basis of the counterclaim is a part

of the transaction made the basis of one of the causes of action, finds no support in *Morris* v. *Windsor Trust Co.* (213 N. Y. 27), cited by the defendant Man. Rather, that case is an authority for the plaintiff.

Furthermore, the asserted counterclaim does not tend to diminish or defeat the plaintiff's recovery within the meaning of section 266 of the Civil Practice Act.

Since this $50,000 payment is made the basis of an action in the Federal court, it seems to be unwise to further complicate the already complicated issues herein by introducing the ramifications of the $50,000 transaction as among the defendants themselves and third parties.

For the above reasons, the motion to strike out is granted.