THE NATIONAL CITY BANK OF NEW ROCHELLE, Appellant, *v.* JOHN M. HOLZWORTH, Respondent, the Original Summons and Complaint and between JOHN M. HOLZWORTH, Respondent, and AGATHA HOLDING CORPORATION and Others, Respondents.

Second Department, March 6, 1931.

*Edgar M. Souza* [*M. S. Huberman* with him on the brief], for the appellant.

*David H. Moses*, for the respondent Holzworth.

HAGARTY, J.   This action is based upon a promissory note made by the defendant Holzworth to the order of the plaintiff in the sum of $7,500.   The note remains wholly unpaid.   By his answer Holzworth denies the making and delivery of the note, denies its presentment and that payment was demanded, and denies that it was not paid.   By his answer he then seeks to bring in as new

parties defendant the Agatha Holding Corporation, Frederick A. Rellstab and the plaintiff, itself, as executor of the last will and testament of one George F. Mueller, deceased. Mueller, at the time of the transaction here involved, was a vice-president of the plaintiff bank and an officer of the Agatha Holding Corporation. By way of a separate defense and counterclaim as against the plaintiff and the new defendants, Holzworth alleges that defendant Agatha Holding Corporation became indebted to him, for professional services rendered, for the amount of the note, and that in order to pay this sum the other defendants caused him to execute this note, deliver it to the plaintiff and receive the proceeds, upon the understanding that Holzworth assumed no liability but that the note, at maturity, would be paid by the other defendants. Upon renewals, interest was paid by Holzworth and all communications were between the plaintiff and Holzworth. Holzworth at no time made reference to his agreement with the other defendants. There is no proof that the plaintiff was a party to such agreement or that Mueller, in entering into the agreement, acted on behalf of the plaintiff. The defendant Holzworth has not shown facts sufficient to entitle him to defend. (Rules Civ. Prac. rule 113; *McAnsh* v. *Blauner*, 222 App. Div. 381; affd., 248 N. Y. 537.) The mere agreement by third persons to hold the maker of a note harmless is not a defense. If Holzworth is right in his claim, the plaintiff bank made a loan of $7,500 and accepted the note in suit without receiving a binding obligation from any one. In any event, Mueller had no authority to bind the plaintiff to such an agreement as claimed by Holzworth. (*First Nat. Bank of Whitehall* v. *Tisdale*, 18 Hun, 151; affd., 84 N. Y. 655; *Bank of LeRoy* v. *Purdy*, 100 App. Div. 64; *Fowler* v. *Walch*, 119 id. 542; *Geneva National Bank* v. *O'Brien*, 121 Misc. 282; affd., 209 App. Div. 846.) Further, the counterclaim sets forth no facts upon which a liability in favor of the defendant and against the plaintiff and the new parties may be predicated. The additional parties were brought in, not under section 193 of the Civil Practice Act, which section provides for joinder of parties only by an order of the court upon proper application, but under section 271 of the same act. This section, however, is not applicable, since it contemplates a joint cause of action against the plaintiff and the parties sought to be added. No such cause of action is alleged. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574; *Jacrov Amusement Co., Inc.*, v. *Fischel*, 132 Misc. 529.)

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, motion to strike out the

counterclaim and the names of the new defendants Agatha Holding Corporation, Frederick A. Rellstab and the National City Bank of New Rochelle, as executor, etc., from the answer granted, and summary judgment directed for plaintiff, with ten dollars costs.

LAZANSKY, P. J., CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order reversed upon the law and the facts, with ten dollars costs and disbursements, motion to strike out the counterclaim and the names of the new defendants, Agatha Holding Corporation, Frederick A. Rellstab and the National City Bank of New Rochelle, as executor, etc., from the answer granted, and summary judgment directed for plaintiff, with ten dollars costs.