Paul Csicsics and Elizabeth Csicsics, Plaintiffs, *v.* John Hallay, Elizabeth Hallay and Lottie Jocelyn, Individually and as Executrix, etc., of Seth Jocelyn, Defendants.

Supreme Court, Special Term, Ulster County, March 15, 1939.

*Joseph Avis,* for the plaintiffs.

*John W. De Witt,* for the defendants Hallay.

*Andrew J. Cook [Francis T. Murray* of counsel], for the defendant Jocelyn.

Schirick, J. The plaintiffs have brought this action against the defendants Hallay, alleging continuous trespass upon their property. Defendants Hallay have interposed a counterclaim against the defendant Jocelyn, by service of their answer upon her, alleging that Jocelyn and her testator had conveyed the property in question to them by warranty deed, containing a warranty of quiet enjoyment. Defendants Hallay assert in their counterclaim that if the plaintiff recovers judgment in this action against them this covenant will be thereby breached, in which event defendants Hallay seek judgment over against defendant Jocelyn for the resulting damages.

Defendant Jocelyn has made this motion to dismiss the counterclaim against her upon the ground that it is improperly interposed in the action.

The counterclaim is apparently interposed pursuant to section 271 of the Civil Practice Act. The words of that section, and numerous cases interpreting it, indicate that it can be invoked only where the counterclaim raises questions with " the plaintiff along with any other persons." The counterclaim interposed herein in no way raises any questions with the plaintiff. It involves a controversy between the defendants only. As such it is not authorized

by section 271. (*Jacrov Amusement Co., Inc.,* v. *Fischel,* 132 Misc. 529; *Kelvin Engineering Co.* v. *Knott,* 212 App. Div. 413; *Bennett* v. *Bird,* 237 id. 542; *Walker* v. *Man,* 142 Misc. 293; *Zauderer* v. *Market Street Long Beach Realty Corp.,* 128 id. 364.)

Defendants Hallay assert that as a matter of practice this motion must be denied because, under rule 109 of the Rules of Civil Practice, only the plaintiff may make such motion. He cites *Stokes* v. *Ottoman American Development Co.* (132 Misc. 125; affd., 224 App. Div. 833); *Leiter* v. *Spingarn* (137 Misc. 381); *Lovey* v. *Bodefeld* (Ulster Special Term, Jan. 5, 1939). These cases are not authority for the proposition which these defendants assert. They hold that only the plaintiff may make a motion to dismiss a counterclaim upon the ground that it fails to state facts sufficient to constitute a cause of action. The motion herein is not of that nature. It seeks to dismiss the counterclaim against the defendant Jocelyn upon the ground that such counterclaim may not properly be interposed in the action. She is entitled to make this motion. (*Kelvin Engineering Co., Inc.,* v. *Knott, supra; Bennett* v. *Bird, supra.*) The *Stokes* case (*supra*) distinguishes a motion of this nature from one to dismiss for failure to state a cause of action.

The motion is granted, with ten dollars costs.