PUBLIC SERVICE HEAT & POWER CO., INC., Plaintiff, *v.* MARTIN H. LIPTON et al., Defendants.

Supreme Court, Special Term, Queens County, January 6, 1950.

*Berlin, Hellman & Levy* for Martin H. Lipton and another, defendants.

*Walzer & Walzer* for George Auslander, impleaded defendant.

HOOLEY, J.   Motion by defendant George Auslander to dismiss the counterclaim and/or causes of action against George Auslander contained in the answer of defendants Martin H. Lipton and Martin H. Lipton Co., Inc., upon the ground that the same may not be properly interposed in this action.

The action is brought by the plaintiff against the individual and corporate defendants involving claims of fraud in connection with the contract of sale to plaintiff by defendants of certain patents and inventories.   Defendants served their joint answer setting forth a series of denials, two separate affirmative defenses, and three counterclaims against the corporate plaintiff.   Commencing at paragraph XXXVI and running through paragraph XLVIII, the defendants set forth allegations impleading one Auslander who is the president of the corporate plaintiff.   Auslander was not an original party to the action. The two causes of action set forth in defendants' counterclaim, to which this motion is addressed, are (1) a cause of action based upon a personal guaranty given by George Auslander, the moving party, of plaintiff's performance of the obligations, and (2) a cause of action based upon Auslander's further undertaking and promise to pay for certain merchandise that plaintiff took over from defendant Lipton Co. in the course of its activities in connection with the patent.

The question before the court is whether defendants' procedure in pleading the two counterclaims against Auslander, serving him, and thereby bringing him into this action is authorized by section 271 of the Civil Practice Act.

It is the claim of Auslander, the moving party, that the language of section 271 aforesaid is to be limited so as to require the counterclaim against a third person in a case such as this to contain a claim against plaintiff *jointly with the third person*, and that defendants' procedure is unauthorized since they seek relief in a case where the defendants have a claim against a third person which *merely raises questions involving the plaintiff, the defendants and a third person.*

It is now settled law that a counterclaim may be pleaded against a third party and such third party may be brought into the action by service upon him of an answer containing such counterclaim, even though the counterclaim does not assert a claim against the plaintiff so long as it raises questions involving the plaintiff as well as the third party (*Agricultural Ins. Co.* v. *Elmhurst Contr. Co.,* 294 N. Y. 874; *Gettinger* v. *Glasser,* 204 App. Div. 829).

In *Agricultural Ins. Co.* v. *Elmhurst Contr. Co.* (*supra*), the defendant Elmhurst Contracting Co., Inc., counterclaimed against plaintiffs for windstorm damage and in the alternative against an insurance agent, the impleaded defendant, Alan H. Bonito & Co., Inc. In the Court of Appeals the impleaded defendant, Bonito, contended that section 271 of the Civil Practice Act, in effect authorizing a defendant's counterclaim "which raises questions between himself and the plaintiff along with other persons" excluded a counterclaim which asserted liability of such other person only in the event plaintiff was not liable. In answer, the defendant, Elmhurst, argued that the language "raises questions" should not be restricted as though it read "asserts a claim". One of the questions certified to the Court of Appeals was as follows: "Does counterclaim asserted by the defendant against the impleaded defendant, Alan H. Bonito & Co., Inc., in its amended answer herein, raise questions between the defendant and the plaintiffs 'along with' the impleaded defendant, Alan H. Bonito & Co., Inc., within the purview of Section 271 of the Civil Practice Act". The question was answered in the affirmative.

In the case at bar, the counterclaims against Auslander not only arise out of the same transaction as is involved in plaintiff's claim but are closely connected therewith, and the questions which they involve are substantially the same as those

arising in connection with plaintiff's claim. To avoid multiplicity of suits, and upon the ground of expediency, it is desirable that the counterclaims against Auslander be disposed of in the present litigation. Section 271 is no departure from the rational procedure of encouraging the decision of all controversies between the parties in a single action (*Gettinger* v. *Glasser, supra*). The court is of the opinion that the counterclaim herein raises questions between the defendants and the plaintiff along with the impleaded defendant, Auslander.

The cases cited by the defendant Auslander are clearly distinguishable from the case at bar.

Motion denied.