Edgar J. Nathan, Jr., J.
The plaintiff brings an action against the defendant Tanbro Fabrics Corporation to recover the purchase price for merchandise sold by plaintiff to the defendant. Tanbro has joined issue and has served a pleading which it calls an answer and cross complaint against Amity Dyeing & Finishing Co., Inc., pursuant to section 271 of the Civil Practice Act. In this pleading there is a defense and counterclaim as against the plaintiff, and the same allegations are denominated a complaint against a so-called third-party defendant Amity Dyeing & Finishing Co., Inc. In this counterclaim the defendant alleges that the plaintiff sold to Tanbro first quality cloth to be delivered at Amity; that the plaintiff knew that the goods ordered were to be sold to Tanbro’s customers ; that the purpose for which these goods were processed and finished was made known to the plaintiff and Amity; that about the same time the defendant entered into a contract with Amity whereby Amity was to perform certain services upon the goods which came into its possession from the plaintiff; and that the work, labor and services which Amity was to perform upon the goods were to be in a first-class workmanlike manner.
It further alleges that the plaintiff and Amity each breached its contract with the defendant in that the goods as they were ultimately delivered to the customers of the defendant were not of merchantable quality and were wholly unfit to be manufactured into garments by the customers of the defendant because the goods were of poor and unmerchantable construction, were improperly woven, and were defectively and improperly dyed and processed, and that as a result of the breaches of these contracts the defendant sustained damages.
*880 This is a motion by Amity to dismiss the counterclaim which has been interposed by the defendant Tanbro. The pleading which is challenged has been mistakenly characterized by [both the pleader and] the moving party as a third-party complaint and the party [pleader] describes itself as a third-party plaintiff. The characterization and the description are improper, since the present application pertains not to third-party practice as provided in section 193-a but rather to rights and remedies falling within the purview of section 271 of the Civil Practice Act.
Section 271 of the Civil Practice Act provides as follows: ‘ ‘ New parties set up in counterclaim. Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons, who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action.” This section contemplates the existence of a joint, not a several, liability owing to a present defendant by a plaintiff and the proposed party sought to be brought in as party defendant (Zauderer v. Market St. Long Beach Realty Corp., 128 Misc. 364, affd. 221 App. Div. 760).
The counterclaim is based upon two contracts, one between the plaintiff and the defendant for the sale of goods, and a second contract between the defendant and Amity for the dyeing of goods. The additional defendant is in no way involved with the plaintiff in the sale of the g’oods. The counterclaim, therefore, does not raise any questions between the defendant and the plaintiff “ along with” said additional defendant (Jacrov Amusement Co. v. Fischel, 132 Misc. 529). Section 271 of the Civil Practice Act was not intended to be operative where the liability is joint and several, where different proof is required to establish the cause of action against the party brought in (Warren v. May, 243 App. Div. 620).
In the case of Walker v. Man (142 Misc. 293, 294), the court, after referring to section 271 of the Civil Practice Act and quoting a portion thereof, said:
“ Patently, however, the parties sought to be impleaded may not be brought in unless the proposed counterclaim is against the plaintiff along with such new party. The new procedure, of course, was designed to eliminate and prevent circuity of action. Multiplicity of suits is sought to be avoided. It is desirable that all controversies be determined in one action, if that can be done without prejudice to the rights of a litigant.
“ It was never intended, however, that in a suit between A and B, B might set up a counterclaim against C with which A *881 has no connection. Such counterclaim may be asserted only if it raises questions between B and A along with C.”
In the counterclaim it would appear there are two agreements, one between the plaintiff and the defendant, and the other between the defendant and the additional defendant. The rights and duties of the buyer and seller of merchandise may be vastly different from the duties of the buyer and the dyer of the same merchandise. All sorts of argument may be applied to one of the contracts and performance thereunder and not to the other.
Both the plaintiff and the additional defendant are entitled to try out their case against the defendant upon a trial that is divorced from the incumbering and interweaving and confusing effects of another litigation in which it has not the slightest interest or concern.
The present set of facts is not a case within the intended purview of section 271 of the Civil Practice Act. Accordingly, the motion to dismiss the counterclaim is granted.
The counterclaim being dismissed, it is unnecessary to consider the other branch of the motion based upon subdivision 3 of rule 107 and subdivisions 3 and 4 of rule 110 of the Buies of Civil Practice, that there is another action pending. A third-party action pursuant to section 193-a of the Civil Practice Act may be instituted by the defendant if it be so advised.