Vincent A. Lupiano, J.
Motion to dismiss one of the counterclaims herein, as not being properly interposed, and to have another counterclaim .separately stated and numbered with respect to each of the individual movants, herein and cross motion, wherein the original defendants seek leave to serve an amended answer, are considered and disposed of together as follows:
The major issue presented on these motions is whether separate claims may be interposed against new parties which do not allege joint liability with the original plaintiff after the new parties were brought into an action on a counterclaim pursuant to sections 266 and 271 of the Civil Practice Act.
This in an action by a contractor to foreclose a mechanic’s lien. Defendants in their amended answer, along with denials and defenses, have interposed several counterclaims. One of these counterclaims is asserted against the plaintiff herein jointly with the architectural firm which allegedly was hired by defendants to supervise the remodeling and recommend a contractor therefor. No objection is made to this counterclaim, grounded generally in fraud, misrepresentation, conspiracy and negligence. An additional counterclaim, however, is asserted against the architectural firm only, and alleges breach of an agreement to engage a competent contractor. The proposed amendments to the answer splits this additional counterclaim so that it is asserted by each of the defendants individually instead of jointly, and particularizes the allegations therein as well as the allegations of the counterclaim interposed against plaintiff and the architectural firm, jointly. This, however, does not overcome the architectural firm’s contentions that *435 defendants’ claims against them which do not at the same time assert liability on the part of the plaintiffs are improperly interposed. (See Ruzicka v. Rager, 305 N. Y. 191.)
The fact that the counterclaims objected to may have arisen from the same transaction or series of transactions which form the background of the present case does not of itself satisfy the statutory requirement that a counterclaim asserted against persons other than the plaintiff may be properly interposed only if it “ raises questions between (defendant) and the plaintiff along with such other persons.” (Emphasis supplied; Civ. Prac. Act, § 271; Walker v. Man, 142 Misc. 293.) Defendants’ reliance on Gettinger v. Glasser (204 App. Div. 829) in support of its position is without merit. That case has been subsequently distinguished and is confined to the special circumstances stated therein. (See Williams v. Tompkins, 208 App. Div. 574, 579; Keving Eng. Co. v. Knott, 212 App. Div. 413, 416.) Despite the liberality accorded to the joinder of claims to avoid multiplicity of suits, defendants in asserting a counterclaim must still state facts upon which affirmative relief can be granted against the plaintiff. (Williams v. Tompkins, supra.)
It is clear that the counterclaim objected to in the amended answer and its counterparts in the proposed amendment do not meet this requirement. It is based on separate agreements to which the plaintiff herein was not a party.
It may be that these claims should be considered along with the present action. In that case, however, defendants’ proper remedy would be the commencement of a separate action and a subsequent motion for consolidation or joint trial, or, an impleader motion upon proper facts under section 193-a of the Civil Practice Act. (See Warren v. May, 243 App. Div. 620.) For there is an important distinction between these methods of disposing of multiple claims and that method provided for in section 271 of the Civil Practice Act. Consolidation is addressed to the discretion of the court while the relief afforded under section 271 of the Civil Practice Act may be had as a matter of right. Thus, even though the architects have been brought into the action by way of a properly interposed counterclaim, it cannot be said therefore that they are here for all possible claims defendant may be advised to assert against them.
In view of the foregoing, defendants’ motions for leave to amend the answer is denied as to the first two counterclaims alleged in the proposed amendment. The motion is similarly denied as to the third counterclaim alleged in the proposed amendments, there being no compelling reasons for the proposed changes.
*436 That branch of the cross motion addressed to the amended answer seeking dismissal of the counterclaim interposed in paragraphs 42-44 is granted. That branch requesting that the counterclaim asserted in paragraphs 29-41 be separately stated and numbered is denied. Settle order.