NEW YORK INDUSTRIAL CENTRE CORP., Respondent, v. NATIONAL BISCUIT COMPANY, Appellant, and VIM ELECTRIC CO., INC., et al., Respondents.— Concur — McNally, Stevens, Eager and Steuer, JJ.; Valente, J. P., dissents in the following memorandum: I dissent. The amended supplemental answer contained two counterclaims. In the first counterclaim plaintiff was charged with breach of contract. The second counterclaim — the one before us — is alleged against the added defendants, who are the sole shareholders of the plaintiff corporation,

for damages for inducing the breach of the same contract forming the basis of the first counterclaim. Hence, the second counterclaim presents issues inextricably connected with the first counterclaim against plaintiff alone. Unquestionably, had the second counterclaim been pleaded in a separate action against the added defendants, that action would have been consolidated with the instant suit under section 96 of the Civil Practice Act. Sections 266 and 271 of the Civil Practice Act, dealing with counterclaims, require that a permissible counterclaim raise questions between the defendant pleading it "and the plaintiff along with any other persons". If the basic objective of section 271 — to overcome obstacles presented by technical rules of pleading and to avoid multiplicity of actions — is to be furthered, then a counterclaim should be permitted to stand if it raises some questions in common with another counterclaim asserted against the plaintiff. Here defendant charges in one counterclaim that plaintiff breached its contract; and, in the second counterclaim, that the added defendants (sole stockholders of plaintiff), who were themselves under contract with plaintiff and each other to help plaintiff perform the main contract, conspired to cause a breach of the main contract. There should be a liberal and rational construction of section 271 to effect its primary purpose of avoiding multiplicity of suits. I would hold, therefore, in line with *Agricultural Ins. Co.* v. *Elmhurst Contr. Co.* (294 N. Y. 874) and *Gettinger* v. *Glasser* (204 App. Div. 829) that the second counterclaim was properly interposed. Even if those cases are considered as permitting a counterclaim against someone other than the plaintiff as an alternative pleading, the same rationale would apply in allowing the instant counterclaim, where together with another counterclaim, defendant is asserting a joint and several liability against all the opposing parties. Hence, to permit the instant counterclaim to stand is not carving out an exception to section 271 but giving that section an interpretation to effectuate its underlying purpose. I would therefore reverse the order dismissing the second counterclaim and would deny the motion.