No. 23,905.

THE HOME STATE BANK OF MEDICINE LODGE, *Appellee,* v. E. H.
HOGARD, *Appellant.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Request for Special Interrogatories Properly Refused.*
A judgment will not be reversed for error in refusing to give instructions
where answers to special questions compel a judgment against the party
requesting the instructions and the answers could not be influenced by such
instructions.

2. SAME — *Personal Transactions With President of Bank — No Defense to
Bank's Note.* An arrangement concerning business transactions between
one who is the president of a bank and the maker of a note to the bank
for an indebtedness to it cannot be used as a defense to defeat the bank's
right to recover on the note where the business transactions between the
president of the bank and the maker of the note are wholly outside the
matters for which the note is given.

Appeal from Hamilton district court; CHARLES E. VANCE, judge. Opinion
filed October 7, 1922. Affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart, Glenn Porter,* all of Wichita,
and *George Getty,* of Syracuse, for the appellant.

*R. W. Hoskinson, Robert S. Field,* both of Garden City, and *A. L. Orr,* of
Medicine Lodge, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against
him on a promissory note.

H. W. Skinner was the president of the plaintiff bank and acted
for it in taking the note sued on. The defendant pleaded that the
note had been given in a settlement of business matters between
him and H. W. Skinner, arising out of the defendant's pasturing a
large number of cattle for Skinner, and pleaded that the note had
been procured by Skinner by fraud in the following particulars:

*First.* "That at the time of the said settlement, Skinner represented and
stated to the defendant that he had knowledge with reference to the missing
cattle, for which the note sued on was given, and that the defendant was liable
therefor, when said Skinner knew at that time, that his son D. W. Skinner
had taken a part of the cattle for which the note was given, and that the
rest of them had died through no fault of the defendant, and that the de-
fendant was in no wise liable therefor."

*Second.* "That Skinner further represented that he would take the note

Bank v. Hogard.

payable to him personally, and not the bank, and that he fraudulently took it in the name of the bank, instead of his own name, in order that the bank might maintain an action thereon, on the theory that it was not a party to the agreement between Skinner and the defendant."

*Third.* "That he would hold the note, and keep it in his possession until he had gone up to Hamilton County, and make an investigation with reference to the missing cattle, and that at that time, he never intended to go to Hamilton County, and make any investigation, and never did go."

*Fourth.* "That he obtained the defendant's signature on the note by holding his hand over the same, when the defendant signed it, so that the defendant could not see to whom the note was made payable."

These quotations are not taken from the answer; they are taken from the defendant's brief.

There was no evidence to support any of the facts alleged as detailed in the first quotation. There was evidence to support the facts set out in the second, third, and fourth quotations. The evidence of the plaintiff tended to show that the note was given by the defendant directly to the bank for the purpose of taking up a note that had been previously given by the defendant to the bank, and that the business relations between the defendant and H. W. Skinner had nothing whatever to do with the note. The jury returned a verdict in favor of the plaintiff for the full amount of the note and interest, and returned answers to special questions as follows:

"1. Did the defendant E. H. Hogard, during the latter part of 1919, have a deposit and checking account with the plaintiff's bank?  A. No. 1.  Yes.

"2. If you answer question No. 1, in the affirmative, then state whether or not at about the close of the year, the defendant was overdrawn on said account or was the plaintiff holding certain of his checks as cash items on account of lack of funds in said account.  A. No. 2.  Yes.

"3. If you answer the last two questions in the affirmative, then state if the defendant gave the plaintiff his note for $2,000.00, to cover balance of his overdraft.  A. No. 3.  Yes.

"4. If you answer the last three questions in the affirmative, then state if the note involved in this suit is given to take up a portion of such $2,000.00 note.  A. No. 4.  Yes.

"5. State whether or not the plaintiff is now and has been since the making of the note in suit the owner thereof.  A. No. 5.  Yes.

"6. Did the defendant execute and deliver such note to the plaintiff?  A. No. 6.  Yes.

"7. Has such note or any part thereof ever been paid?  A. No. 7.  No."

1. The defendant requested instructions of the court, submitting to the jury the question presented by the evidence to establish the allegations of the answer. The court failed to give them. Of that

failure the defendant complains. If those instructions had been given and the jury had answered the special questions as they were answered and a verdict in favor of the defendant had been rendered, that verdict could not stand, because the answers to the special questions showed that the facts alleged in the answer and sought to be proved by the defendant were not true. Those answers established facts that would have compelled judgment for the plaintiff notwithstanding a verdict for the defendant, even if the instructions requested had been given.

2. The defendant complains of the following instruction given by the court:

"You are further instructed that if the note was taken by the bank in payment or part payment of the indebtedness due it, if any, then the plaintiff would not be bound by any agreement which the said H. W. Skinner might have made with the defendant to allow credit for cattle subsequently accounted for, and such agreement and accounting would be no defense to this action. You are further instructed that if the note was given in payment of indebtedness due the bank in the manner above mentioned, any agreement which may have been made between the defendant and the said H. W. Skinner that the said Skinner should pay the defendant's indebtedness to the bank would not be binding upon the plaintiff bank, and your verdict should be for the plaintiff for the amount of the note with interest, even though you should further find that the said Skinner agreed with the defendant to pay off defendant's former note at the bank, but failed to do so, and had the present note made to the bank instead."

Any agreement between the defendant and H. W. Skinner concerning the business transactions between them that Skinner would take care of the note at its maturity cannot be used as a defense against the bank in this action. The defendant knew that the business relations between him and Skinner were no concern of the bank. Under the law Skinner had no authority to bind the bank by any adjustment of the business relations between himself and the defendant. The instruction correctly stated the law.

The judgment is affirmed.