## MIERS et al. v. DEL RIO BANK & TRUST CO.

### No. 9196.

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1933.

Rehearing Denied Feb. 14, 1934.

Morriss & Morriss, of San Antonio, for appellant.

John J. Foster, of Del Rio, for appellee.

SMITH, Justice.

Geo. D. Miers (and associates, who need not be further mentioned) made his note in favor of the Del Rio Bank & Trust Company for $1,000, and afterwards renewed it for a like amount. In default of payment of the renewal note, the bank brought this action and recovered thereon. Miers has appealed.

C. P. Scales was the vice president and "active manager" of the bank for a number of years prior to his death and during the transactions here involved, including the execution of the renewal note in suit. He was also engaged in the ranch business in the republic of Mexico, and Miers was and is also engaged in the same business in that country, where he resides. The two were friends and business intimates, according to the record. Through a period of years Miers carried an account with appellee bank, both as a depositor and borrower. Scales also carried accounts with appellee, both individually and as the managing partner in his Mexico ranch operations.

In the course of his ranch business Miers intrusted Scales with the handling of his affairs in this country, particularly in the exportation of his cattle to points in the United States. Scales usually arranged for such exportation, including the payment of customs duties for Miers.

The transaction from which this suit arose originated in Miers' effort to export a herd of cattle to the United States. He brought the cattle to Villa Acuna for shipment across the Rio Grande, for which purpose he procured, Scales, as usual, to advance the import duty, amounting to $1,233, to the customs officials at Del Rio. The shipment was not made, however, rendering the duty paid subject to refund to Miers, who authorized and instructed Scales to procure the refund and directed him to apply the same to the payment of Miers' original note for $1,000 held by appellee bank. Scales did collect the refund from the government, but, instead of applying it to the payment of said note, appropriated it to his own use. Subsequently, the note matured, and, upon appellee's demand for payment, appellant paid the interest thereon and renewed the same, being unaware that the refund had been made, and making no reference to the matter to the officials of the bank who took the renewal.

Subsequently, when the suit was filed, appellant pleaded payment, upon the contention that Scales was acting for the bank in all said transactions with appellant, that the bank was bound by Scales' actions, and that, in procuring the refunded customs duty under the direction and upon the promise to apply it to the payment of appellant's note to the bank, he effectually bound that institution.

The jury found, under appropriate instructions, that "in his undertaking to collect and apply" the refund Scales was not "acting for" the bank, and we have concluded that

such finding settled the case against appellant. There was much evidence upon that issue, which, construed most favorably to appellee, as it must be, warranted the jury's finding. The facts and circumstances were such, indubitably, to lead appellant to believe that he was in fact dealing with the bank throughout this and similar transactions, but it is equally true, according to material evidence, that the bank, as a corporation, was not charged with notice of such facts as would bind it in law by the conduct of Miers and Scales. The several transactions between those parties were conducted in their individual names, and never in that of the bank. The several payments between them and between Scales and the customs officials were made upon the individual checks of the several parties thereto, without knowledge or participation of the directorate or other officials of the bank, and were not reflected upon the books of the bank, except through the individual accounts of the parties. The bank's directorate and other operating officials knew that Scales and his associates and Miers and his associates were all engaged in ranching in Mexico, that they were closely associated in their operations, acting for each other, interchanging credits and disbursements, through their individual accounts. But those officials, individually, or as an official board, were not shown to have authorized Scales to bind the bank in those transactions, or to have knowledge of the purpose of any of those parties to bind or hold the bank to performance of Scales' undertakings. In short, the evidence fully warranted the jury's finding upon that controlling issue, and this court cannot disturb that finding. We overrule appellant's propositions 1, 2, 3, 4, 11, 12, and 12½.

In each of his propositions 5, 6, 7, 8, and 9, appellant complains of the admission of certain testimony, but we overrule those propositions. In each instance the proffered evidence was admissible as a circumstance bearing upon the controlling issue, to be considered along with other relevant testimony, and there was no error in its admission.

In his tenth proposition appellant finally contends that the court erred in submitting the issue of whether Scales was acting for the bank in his dealings with appellant. It seems obvious, from what has already been said, that the submitted issue encompassed the very crux of the case and was properly given, there being no objection to its form.

The judgment is affirmed.

## On Motion for Rehearing.

In their motion for rehearing, appellants point out the erroneous statement of fact, made in the original opinion, to the effect that Scales died prior to the renewal of the note in controversy. Correction of this error of fact has been made in the opinion. The error was immaterial to the decision, which will be adhered to.

We can but reiterate the controlling finding of the jury, approved here, that in the matters in controversy Scales was not acting for the bank, which could not be bound by his individual acts not known to, or ratified by, the corporation.

Appellants' motion for rehearing is overruled.