HARRIS v. LESLIE.

No. 1166.

Circuit Court of Appeals, Tenth Circuit.
March 16, 1935.

Norman Barker, of Tulsa, Okl., for appellant.

Cornelius Hardy, of Wewoka, Okl., for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

The First National Bank of Wewoka, Okl., suspended business in July, 1932, and was placed in the hands of a receiver. The receiver instituted this action to recover judgment upon a promissory note of $2,000, dated June 21, 1932, due August 2d thereafter, executed by defendant and payable to the bank.

Defendant in his amended answer admitted the execution of the note, but alleged by way of affirmative defense that in 1927 he owed the bank a note of $3,500; that he was ready, able, and willing to pay the obligation and had money on deposit in the bank with which he intended to do so; that in April, 1928, W. C. Bunyard, president, principal officer, and active member of the board of directors of the bank, requested defendant to make him a personal loan from the money thus deposited and agreed verbally to apply a credit of an equal amount on defendant's note and to protect defendant against payment of such note to that extent; that Bunyard had the respect, confidence, and esteem of defendant; that with such assurance he made a loan to Bunyard of $2,308 and took a demand note therefor signed by him; that thereafter defendant renewed his note to the bank from time to time and made certain payments upon it reducing the amount to $2,000; and that the note sued upon is the last renewal.

The court below rendered judgment for plaintiff on the pleadings. Defendant appealed.

The major contention advanced for reversal is stated thus in defendant's (appellant's) brief: "The appellant claims that at all times he was able, ready and willing to pay the note, at times when it should have been paid, but that W. C. Bunyard, president of the Farmers National Bank, borrowed the money which was by him intended for the payment of the indebtedness of Harris in Bunyard's bank, 'which note is the subject matter of this suit,' and relieve the defendant (this appellant) of further responsibility or obligation to the said Farmers National Bank of Wewoka, and that out of friendship and confidence he relied upon the promises of the president of said Farmers National Bank of Wewoka, who was indebted to him upon a note for the moneys by Harris paid into the bank, in a sum greater than the indebtedness from Harris to the bank."

It was not alleged that the money lent to Bunyard went to the bank or that the bank received any part of it. Neither was it alleged that the board of directors either authorized or ratified the transaction or that any other officer had knowledge of it. The fact that Bunyard was president, principal officer, and active member of the board of directors was not enough to constitute authority to act for the bank in a matter in which he had a personal interest. And the allegation that the agreement made in the circumstances was that of the bank was merely an untenable conclusion of law. The transaction was exclusively between the two individuals. The bank had no concern in it. Bunyard acted for himself. His agreement to make payment of a like sum on defendant's note to the bank and to protect defendant against payment of that amount was an individual obligation which did not bind the bank, and defendant was charged with knowledge of that consequence. Moores v. Citizens' Nat. Bank, 111 U. S. 156, 4 S. Ct. 345, 28 L. Ed. 385; First Nat. Bank v. Rust (C. C. A.) 257 F. 29; Florida Nat. Bank v. Merchants' & Farmers' Bank (D. C.) 227 F. 714; Home State Bank v. Hogard, 112 Kan. 36, 209 P. 973; McRoberts v. Ordway, 206 Iowa, 947, 221 N. W. 507; Thomas Forman Co. v. Owsley County Deposit Bank, 226 Ky. 229, 10 S.W. (2d) 836; Miers v. Del Rio Bank & Trust Co. (Tex. Civ. App.) 67 S.W.(2d) 1071; Bank of Canton & Trust Co. v. Clark, 198 N. C. 169, 151 S. E. 102; Dundee Nat. Bank v. Huntington, 20 App. Div. 104, 46 N. Y. S. 1003; Bank of Le Roy v. Purdy, 100 App. Div. 64, 91 N. Y. S. 310.

The argument that the note in suit was executed without consideration has no basis. The validity of the original note of $3,500 in 1927 was expressly admitted. It was specifically alleged that the obligation had been reduced by payments to $2,000, and that the note sued upon was a renewal for that sum. Since, for the reason to

which we have adverted, Bunyard's agreement did not bind the bank and the amount had not been otherwise paid, the full sum represented by the note was due the bank and the note was executed as a renewal in the usual manner.

We think judgment on the pleadings was correctly entered, and it is affirmed.