H. R. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13453.    Promulgated February 27, 1948.

*Robert Ash, Esq., Carl F. Bauersfeld, Esq.,* and *John Y. Merrell, Esq.,* for the petitioner.

*John W. Alexander, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: The petitioner contends that he sold an interest in a partnership, a capital asset, and that the gain realized is therefore a capital gain.

The respondent contends that under the law of Texas, the sale by a partner of his interest in a partnership dissolves the partnership; that the Hyman Supply Co. was dissolved at the moment petitioner sold his interest; that accordingly the petitioner sold and the purchasers received an undivided interest in the specific assets of the firm; and that the gain from this transaction should be taxed as ordinary income.

On brief the respondent recognizes that this and other courts have decided, under facts which do not differ materially from those here involved, that what was sold was a capital asset—an intangible consisting of a right to share in the value of the partnership after settlement of its affairs, and not an interest in the assets of the partnership as such. *Dudley T. Humphrey*, 32 B. T. A. 280; *Commissioner* v. *Shapiro*, 125 Fed. (2d) 532; *Allan S. Lehman*, 7 T. C. 1088; affd., 165 Fed. (2d) 383; and *Thornley* v. *Commissioner*, 147 Fed. (2d) 416.

The respondent attempts to distinguish the above cited cases from the instant proceeding on the ground that they were decided under the laws of states which have adopted the Uniform Partnership Act, whereas the facts of the instant proceeding disclose that the partners resided and the partnership engaged in business in the State of Texas,

which has not adopted the act. However, it is to be noted that the Uniform Partnership Act contains the following language:

The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up, of the business.

The New York courts have interpreted this section in *Patrikes* v. *J. C. H. Service Stations* (1943), 41 N. Y. S. 158, wherein the court said at page 168:

When a partner ceases to be associated in the carrying on of a business so that the relation of the partners is changed, a dissolution is effected for all purposes except liquidation.

We are unable to accept the respondent's argument that there is a material difference on the question as to the theoretical dissolution of a partnership by the withdrawal of a living partner in states where the Uniform Partnership Act is accepted and states where it is not in force.

Furthermore, the law governing partnerships in the State of Texas is not so materially different from the Uniform Partnership Act as to require a different conclusion in this proceeding from that reached in the above cited cases. The Texas courts have held that the interest of each partner in the partnership property is his share in the surplus after the partnership debts are paid, and after the partnership accounts are settled, and the rights of the partners *inter se* are adjusted; that a partner has no specific interest in any particular chattel or part of the property of the firm; and that a sale by one partner of his interest has the effect of dissolving the partnership. *Sherk* v. *First National Bank* (Tex. Com. App.), 206 S. W. 507; *Egan* v. *American State Bank* (Tex. Civ. App.), 67 S. W. (2d) 1071; *Oliphant* v. *Markham*, 79 Tex. 543; 15 S. W. 569. Substantially the same law prevails in states which have adopted the Uniform Partnership Act. See *State* v. *Elsbury* (Supreme Court of Nevada), 175 Pac. (2d) 430; *Windom National Bank* v. *Klein*, 191 Minn. 447; 254 N. W. 602, 604; *Commissioner* v. *Lehman*, 165 Fed. (2d) 383; *Commissioner* v. *Shapiro, supra.*

The only cases cited by the respondent in support of his contention are *City Bank Farmers Trust Co.* v. *United States*, 47 Fed. Supp. 98, and *Williams* v. *McGowan*, 152 Fed. (2d) 570. This Court and the Second Circuit in the *Lehman* case and the Third Circuit in *Thornley* v. *Commissioner, supra,* rejected the decision of the Court of Claims in the *City Bank Farmers Trust Co.* case, and we decline to follow it in this proceeding. In *Williams* v. *McGowan, supra,* the issue was whether an ordinary loss or a capital loss was sustained by a surviving partner who purchased the interest of his deceased partner and later sold the entire business. That case is clearly

distinguishable from the instant proceeding on its facts, for here we are dealing with the sale of a partnership interest and not the sale of a business as an entirety.

On the authority of *Dudley T. Humphrey, supra; Commissioner v. Shapiro, supra; Allan S. Lehman, supra;* and *Thornley* v. *Commissioner, supra,* we hold that the gain realized by petitioner upon the sale of his interest in the partnership constituted a capital gain.

Reviewed by the Court.

*Decision will be entered under Rule 50.*