LILLIAN BACON GLASSELL, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14410, 14411, 14412.   Promulgated February 24, 1949.

*Sidney L. Herold, Esq.*, for the petitioner.
*F. S. Gettle, Esq.*, for the respondent.

---

[1] Proceedings of the petitioners are consolidated herewith: A. C. Glassell, Jr., and A. C. Glassell.

OPINION.

Hill, *Judge*: The respondent argues that petitioners may not claim deductions for the state taxes paid prior to the time when "such taxes actually became legally due"; that such taxes did not become due until on or after January 1, 1945; and that the checks given to the state collector on December 29, 1944, by the petitioners were merely deposits and, as such, were not deductible. Petitioners, on the other hand, contend that, because they kept their books and filed their returns on the cash receipts and disbursement basis, the amounts paid to the state as taxes in 1944 are properly deductible in that year.

Section 23 (c) of the Internal Revenue Code allows a deduction from gross income for "Taxes paid or accrued within the taxable year." Our primary consideration, therefore, is to determine whether the submission of checks in the amounts of $39,286.48 and $32,741.50 to the state by petitioners on December 29, 1944, constituted the payment of taxes within the meaning of the Federal laws. Whether or not the acts of the petitioners herein amounted to payments of taxes in 1944 requires an interpretation of the Louisiana taxing statute. For supporting authorities see Mertens, Law of Federal Income Taxation, sec. 27.57.

Under the code of that state every individual having a net income of $1,000 or over, if single, and every individual having a net income of $2,500 or over, if married, and every individual having a gross income of $5,000, regardless of his net income, is required to file a return setting forth his items of gross income and his deductions. Louisiana General Statutes, Dart., sec. 8587.20. The statute further establishes that returns made on the basis of the calendar year are to be filed with the collector on or before the 15th day of May following the close of the calendar year. Sec. 8587.22. Section 8587.25 (f) of the Louisiana statute states that upon the payment of any tax imposed by the state law the collector shall, upon request, give a receipt to the person making such payment. It is provided in section 8587.25 (g) that payment of the tax under the state statute may be made by, among other means, a check. Subsection (d) of that section reads as follows: "(d) A tax imposed by this act, or any instalment thereof, may be paid at the election of the taxpayer, prior to the date prescribed for its payment."

Louisiana taxing officials interpret subsection (d) to mean that a taxpayer may pay his tax, or a part of it, prior to the close of the taxable year. We think that interpretation is proper.

Petitioners, acting in accordance with that law, elected to pay their taxes on December 29, 1944, when the amounts thereof were reasonably ascertainable. The state taxing officials accepted petitioners' checks as payments of their 1944 income taxes and gave them receipts therefor which contained the notation "For 1944 Income Tax." It is therefore our opinion, in the light of the facts and law of this case, that petitioners' payments of December 29, 1944, constituted payments of taxes within the meaning of the Internal Revenue Code. And, since petitioners kept their books and filed their returns on the cash basis, such payments are deductible in the year 1944. This result is in accordance with section 41 of the Internal Revenue Code and Regulations

111, sec. 29.41–1, which require that the taxpayer's method of accounting regularly employed by him is to be followed with respect to the time as of which deductions are to be accounted for, if such method clearly reflects his income.

In support of his argument that the checks given to the state collector on December 29, 1944, were only deposits and therefore not deductible, respondent points to the cases of *Salomon* v. *State Tax Commissioner*, 278 U. S. 484, and *Arthur T. Galt*, 31 B. T. A. 930. The *Salomon* case did not have the issue of when a taxpayer may deduct from his gross income a payment of state tax; it was concerned instead with the constitutionality of the New York Transfer Law. The *Galt* case involved facts quite different from those here, for there the taxpayer estimated the amount of his real estate tax and deposited cash with a real estate firm until the amount of such tax could be ascertained. We held that such deposit did not constitute a payment of tax within the meaning of the Internal Revenue Code. Petitioners here did not deposit any money with a third party for payment of their taxes; they gave checks to the proper state official as payments of their state taxes, which were accepted by the state as payments of such taxes. Those cases are not controlling of the issue before us.

We hold that the petitioners made payments of taxes on December 29, 1944, which, therefore, are deductible from their gross income for that year. It follows that respondent erred in his determination.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*