ESTATE OF AARON LOWENSTEIN, FIRST NATIONAL BANK OF MOBILE, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12411. Promulgated May 4, 1949.

*Geo. E. H. Goodner, Esq.*, and *Scott P. Crampton, Esq.*, for the petitioner.

*Homer F. Benson, Esq.*, for the respondent.

696

OPINION.

LeMire, *Judge*: The petitioner's first contention is that its distributable share of partnership income for 1942 should be reduced, for income tax purposes, by $18,473.20 representing the excess of the fair market value of the partnership inventory at the date of decedent's death, which was used in computing the value of the estate for estate tax returns, over the book value of the inventory on that date, which was used in computing the partners' 1942 distributable income.

Petitioner's theory is that after the decedent's death his estate owned a one-third interest in each and every item of the partnership's inventory and that in computing the gain or loss on the sale of this inventory in 1942, from which the partnership income was derived, the estate is entitled to use the basis at which the inventory was valued in the estate tax return. As statutory authority for this contention, the petitioner relies upon section 113, Internal Revenue Code, which is quoted in material part in the margin.[1]

We do not think that this provision of the statute was intended to apply to a situation such as we have here. It deals generally with the "adjusted basis for determining gain or loss" of property acquired "by the decedent's estate from the decedent." It applies to property which has passed to the decedent's estate. See *Robert E. Ford*, 6 T. C. 499. There was no distribution in kind to the decedent's estate of any part of the partnership inventory. The partnership agreement clearly shows that the parties intended to prevent any such distribution and to permit the continuance of the business for the period specified, with the deceased partner's estate sharing in the

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

(1) INVENTORY VALUE.—If the property should have been included in the last inventory, the basis shall be the last inventory value thereof.

\* \* \* \* \* \*

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*

profits as though the partner were still an active member. What the estate acquired under the partnership agreement was not specific items of inventory, but a contractual right to a share of the partnership income for a limited period. That this income was not intended to constitute consideration for the decedent's capital interest in the assets of the business is conclusively shown, as petitioner recognizes in its brief, by the later provision in the same agreement for purchase by the surviving partners of a deceased partner's capital interest in the business at its book value. Cf. *Estate of George R. Nutter*, 46 B. T. A. 35.

The operation of the partnership agreement here does not conflict with, nor is it in any way affected by, the laws of the State of Alabama relating generally to the ownership of partnership property. See *Robert E. Ford, supra.*

The question of the character of distributions, whether income or capital, received by the estate of a deceased partner from the earnings of a partnership which had been continued, by agreement of the partners, for a period of one year following his death was under consideration by the Supreme Court in *Bull v. United States*, 295 U. S. 247. It was held that such distributions retained their character as income to the deceased partner's estate. See also *Charles F. Coates*, 7 T. C. 125, and *Richard P. Hallowell, 2nd*, 39 B. T. A. 50. We think that the income distributed to the decedent's estate by the partnership in 1942 is taxable to the estate in its entirety as partnership earnings.

Petitioner contends next that its loss on the sale of decedent's one-third interest in the partnership is deductible in full as an ordinary loss. The respondent has treated it as a capital loss, with respect to which the deduction is limited under section 117 (d) (2), Internal Revenue Code, to $1,000. The parties have stipulated that the amount of the loss, computed by using as a cost basis the value of the partner's interest as reported in the estate tax return, plus the profits left in the partnership by the petitioner, plus the expenses of the sale, was $21,253.14.

The petitioner concedes in its brief that this contention is contrary to recent decisions of this Court which hold that a partnership interest is a capital asset, and that the gain or loss on its sale is subject to the provisions of section 117, Internal Revenue Code. See *H. R. Smith*, 10 T. C. 398; affd., *Commissioner v. Smith*, 173 Fed. (2d) 470, and cases therein cited.

There can be no question but that the sale here was a sale of an undivided interest in the partner's business, rather than a sale of specific assets belonging to the decedent's estate. We find nothing in the laws of the State of Alabama which requires the treatment of the sale of an interest in a partnership existing under the laws of that state other than as a capital transaction.

There was no error in the respondent's treatment of the loss on the sale of the decedent's interest in the partnership as a capital loss.

As to the deductibility of the charitable gifts made by the partnership, the respondent takes the position that, since charitable gifts are deductible by an estate only where made pursuant "to the terms of the will or deed creating the trust," as provided in section 162, Internal Revenue Code, and since the decedent's will contained no provisions for charitable gifts, the deduction cannot be allowed to the decedent's estate.

The charitable gifts were made not by the decedent's estate, but by the partnership as a business unit. They were deducted in the partnership returns as ordinary business expenses and were allowed to the other two partners. It is not stipulated or otherwise shown whether the respondent allowed the deduction to the active partners as ordinary and necessary business expenses, as claimed in the partnership returns, or as charitable gifts by the individual partners, under section 23 (o), Internal Revenue Code. In any event, we think that the deduction should have been allowed to the decedent's estate, as well as to the active partners. The fact is that the estate never received the amount representing its portion of the charitable gifts. They were deducted from partnership income before its share of the earnings was ever determined. Under the partnership agreement the estate was entitled to receive only its one-third share of the distributable earnings; and, since the active partners were charged with the management of the business, it might be said that the charitable gifts they made were actually made pursuant to the partnership agreement. What the respondent has done, in effect, is to add to the petitioner's distributable partnership income one-third of the charitable gifts, which it never received. We think that the entire amount of the gifts should have been allowed as a deduction in computing the distributable income.

The remaining question is whether the estate is entitled to deduct its portion of the estimated income tax due the State of Alabama for 1942, which it paid in December of that year, before the due date thereof.

The evidence is that in making this estimate of state income tax the accountant for the estate gave no consideration to the Federal estate tax because at that time the state authorities were treating it as payable out of the assets of the decedent's estate, and as not deductible in computing the income tax liability of the estate. The refund of $2,000 which the estate received in 1945 resulted from a reversal of the policy. No claim is made that the accountant did not act in good faith, and there is evidence that he did.

Under the statutes of the State of Alabama, income tax returns made on the basis of a calendar year are required to be filed not later

than March 15 of the following year (see Title 51, ch. 17, sec. 394, Code of Alabama, 1940) and the tax thereon is payable in full at that time, or in equal quarterly installments thereafter. Sec. 409, Code of Alabama. However, there is a specific provision authorizing advanced payments as follows:

§ 409. *Time and Methods of Payment.—* \* \* \* (d) Voluntary advance payment. The tax imposed by this chapter or any installment thereof, may be paid, at the election of the taxpayer, prior to the date prescribed for its payment.

Since the petitioner was authorized to make and did make the advanced payment of the 1942 income taxes in that year in good faith, we think that the respondent erred in disallowing the deduction. See *Lillian Bacon Glassell*, 12 T. C. 232.

Reviewed by the Court.

*Decision will be entered under Rule 50.*