HART FURNITURE CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19652. Promulgated June 21, 1949.

*Gerald R. Hart, Esq.,* for the petitioner.
*Edward L. Potter, Esq.,* for the respondent.

**OPINION.**

KERN, *Judge*: (1) Petitioner recognizes that the first issue "involves entirely a question of fact  *  *  *." Unfortunately for petitioner, it has not presented sufficient facts to warrant our overturning respondent's determination. Petitioner urges, upon brief, that the deduction should be allowed as a bad debt. Petitioner's theory is that its former bookkeeper could not explain the discrepancy, that she was then "charged" by it with the liability, and that she could not pay the claim.

The facts are that neither the bookkeeper nor petitioner made any investigation whatsoever to discover the reason for the imbalance. If a bookkeeping error was made, there is no evidence as to what the error was, and no evidence that it was made in the taxable year. There was no effort by petitioner to determine whether the former bookkeeper was liable and, further, no adequate determination, assuming her liability, of her inability to pay. It is at once apparent that petitioner can not be allowed the $400 as a bad debt deduction.

As to deduction under some other subdivision of section 23 of the Internal Revenue Code, we need observe only that deductions are a

matter of legislative grace, and the taxpayer must point to, and prove his right to deduction under, some provision of the statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. This, petitioner has failed to do. In general, a charge-off to balance books is not sufficient in and of itself to entitle a taxpayer to a loss deduction. See *Albert Nelson*, 6 T. C. 764, 772; *Columbia Envelope Co.*, 21 B. T. A. 1270; *Union Savings Bank*, 10 B. T. A. 1175. Nothing in the instant case indicates that the transaction, in reality, amounted to anything more.

(2) Under sections 1600 and 1601 of the Internal Revenue Code, every employer of eight or more employees is required to pay a Federal excise tax of 3 per cent of total wages, less a permissible credit for contributions paid in to approved state funds, limited, however, to 90 per cent of the tax otherwise due.[1] Deduction for the excise tax is allowable under section 23 of the code. Mim. 5319, C. B. 1942–1, pp. 60, 62. See section 111 of the Revenue Act of 1943, amending section 23 (c) (1) of the code. See also section 101 of the Revenue Act of 1943.

Not through design, but through error, petitioner, upon filing its excise tax return, failed to avail itself of the credit to which it was then entitled, all conditions thereto presumably having been met. As a result, its ultimate Federal excise tax liability was erroneously overstated by about 90 per cent and, upon claim by petitioner, this erroneous overpayment was ultimately refunded to it in 1946. Petitioner contends that, since it actually did pay out $856.99 in order to meet its supposed excise tax liability, though conceding the amount was erroneous, it should be permitted to deduct that amount. Respondent, on the other hand, argues that petitioner's deduction should be limited to the amount of its definitely ascertainable actual excise tax liability, i. e,. the difference between $856.99 and $766.54, the amount ultimately refunded to petitioner.

In our judgment, respondent's conclusion must be upheld. We believe the disposition of this issue in respondent's favor is compelled by *Cooperstown Corporation* v. *Commissioner*, 144 Fed. (2d) 693; certiorari denied, 323 U. S. 772. It was there stated that a deduction for a tax payment, for which indisputably no liability existed, was not warranted, and that it was within the Commisioner's power to disallow

---

[1] The purpose of the credit was to place "the states upon a footing of equal opportunity." By a state's compliance with the terms of the Federal statute, the "tax will be abated upon the doing of an act that will satisfy the fiscal need, the tax and the alternative being approximate equivalents." *Steward Machine Co.* v. *Davis*, 301 U. S. 548. See also *People* v. *Chicago Waste & Textile Co.*, 391 Ill. 29, 62 N. E. (2d) 537; affirmed sub nom. *Illinois* v. *Campbell*, 328 U. S. 362; and *Illinois* v. *United States*, 329 U. S. 362. Cf. *Massachusetts* v. *United States*, 333 U. S. 611.

Justice Jackson, dissenting in *Massachusetts* v. *United States, supra*, at 637, observed: "The 90% was never contemplated as federal revenue, but credit for that amount was intended to be availed of, to induce states to create unemployment compensation funds and to maintain them in solvent condition."

the deduction for a payment for which there was no legal liability resting upon the taxpayer. The Court further observed that there is a necessity that the taxpayer be under actual or apparent obligation for the payment at the time it is made in order for it to be deductible as an ordinary and necessary business expense. Cf. *Baltimore Transfer Co.*, 8 T. C. 1; *Bartlett* v. *Delaney*, 173 Fed. (2d) 535.

In the *Baltimore Transfer Co.* case we pointed out, in distinguishing it from the *Cooperstown Corporation* case, that there was a "practical compulsion and *prima facie* validity" attaching to the tax erroneously accrued by the taxpayer which a business man might properly attribute to an administrative ruling given by a state board as to the rate of contribution to a state unemployment compensation fund. In the *Bartlett* case, the payment of the tax, later refunded, was made pursuant to a determination of the Commissioner, and Chief Judge Magruder, writing the opinion on behalf of the First Circuit, recognized "that the *Cooperstown* case is narrowly distinguishable on its facts."

The instant case, in our opinion, can not be distinguished from the *Cooperstown Corporation* case. Here, no obligation existed, or reasonably appeared to exist, for petitioner's payment of that part of the excise tax disallowed as a deduction by respondent and later refunded. The overpayment of this tax, for which no actual or apparent liability existed and which was made only because of petitioner's own error, can not be considered as an ordinary and necessary business expense, deductible under section 23 (a) ; and it is obviously not deductible under section 23 (c), because of the provisions of section 23 (c) (1) (F) as added to the Internal Revenue Code by section 111 of Revenue Act of 1943. In the latter respect it differs from *Estate of Aaron Lowenstein*, 12 T. C. 694, where the deduction was claimed under section 23 (c) as taxes paid. See also *Lillian Bacon Glassell*, 12 T. C. 232.

Respondent's determination, as modified by his concession upon brief, is upheld.

(3) The narrow question arising under the third issue is whether the unrealized profits on installment sales may be included by petitioner in invested capital under section 718 (a) (4) of the code for the purpose of determining its excess profits credit computed upon the invested capital basis. Petitioner exercised its right of election under section 736 of the code.

The precise issue has been before this Court on previous occasions, and each time we have held against the position now urged by petitioner. *Kimbrell's Home Furnishings, Inc.*, 7 T. C. 339; reversed, 159 Fed. (2d) 608; *J. L. Goodman Furniture Co.*, 11 T. C. 530. Cf. *South Texas Lumber Co.*, 7 T. C. 669; reversed, 162 Fed. (2d) 866; the Supreme Court ultimately affirmed the Tax Court, in *Commissioner* v. *South Texas Lumber Co.*, 333 U. S. 496.

Petitioner urges that we follow the Fourth Circuit's reversal of our *Kimbrell* decision. This, we expressly refused to do in the *Goodman* case, *supra;* and, as in that case, we still continue to follow the views expressed by us in our *Kimbrell* decision.

*Decision will be entered under Rule 50.*