Gene Bass v. Commissioner.
Bass v. Commissioner
Docket No. 15899.
United States Tax Court
1950 Tax Ct. Memo LEXIS 255; 9 T.C.M. (CCH) 168; T.C.M. (RIA) 50055; March 8, 1950
*255 Petitioner sustained a loss upon the sale of his interest in a partnership. Under the facts held: The loss so sustained was a capital loss and the amount thereof determined. S. B. Lippitt, Esq., for the petitioner. Newman A. Townsend, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: This proceeding involves the determination of petitioner's income tax liability for 1941 upon remand from the Court of Appeals for the Fifth Circuit in accordance with the decision of that Court. Respondent originally determined a deficiency of $4,918.98. In a memorandum findings of fact and opinion entered August 24, 1948 [7 TCM 586], this Court sustained the respondent's determination. We held that a partnership of which petitioner was a member *256 realized gain of $20,047.98 from a sale in 1941 of certain equipment and territorial rights, one-half of which gain was taxable to petitioner as a partner. We held also that when the petitioner sold his interest in the partnership, excepting specified assets, to his partner at book value as of December 31, 1941, he was not entitled to a deduction for a loss alleged to have resulted. On this last point the Court of Appeals reversed with directions to ascertain and allow the loss. 175 Fed. (2d) 52. Thereafter the parties filed a stipulation of facts and other exhibits. The facts so stipulated are hereby found. The facts originally found relating to the present issue and the facts appearing in the stipulation and exhibits are here summarized for the purpose of this opinion. [The Facts] Petitioner and R. R. Cates were partners doing business as Albany Amusement Company at Albany, Georgia, and in the surrounding territory. Each partner owned a half interest. The partnership operated various vending and music machines. The partnerships began before January 1, 1936, and continued through the year 1941. On June 1, 1941 the partners sold Frank Cannon certain machines *257 and territorial rights for $35,000, for which Cannon gave notes payable at the rate of $700 per month. Cannon paid $4,900 on the notes during 1941 and paid the remainder substantially as they became due. On December 31, 1941 notes having a face value of $30,100 were unpaid, but not yet due. On or about December 8, 1941, petitioner and Cates executed a contract whereby petitioner agreed to sell his interest in the business, excepting certain specified property, to Cates for the book value of the interest as found by an audit to be made December 31, 1941. In the audit the unpaid Cannon notes were not shown as assets because Cates and petitioner thought Cannon would be unable to pay the notes, but the equipment sold Cannon was included at a book value of $7,101.90, which was the unrecovered cost thereof. The net worth was shown as $92,684.77, of which $46,344.01 was petitioner's share. The assets excluded from the sale had a book value of $23,073.50. Petitioner and Cates agreed to a valuation of $27,403.50 for these properties, and Cates agreed to and did pay $32,640.60 for petitioner's interest in the other partnership assets pursuant to their contract of December 8, 1941. Petitioner *258 executed a bill of sale therefor. The revenue agent's report adjusted petitioner's share of the partnership book assets by the addition of $11,499.05 on account of the gain realized by the partnership from the transaction with Cannon. [Opinion] Petitioner contends that the amount of the loss to be allowed pursuant to the decision of the Court of Appeals was $15,050.00, being half the amount of the Cannon notes remaining unpaid on December 31, 1941. Respondent computes the amount of the loss as $11,500.71 as follows: Balance, petitioner's investment,
per books
$46,344.01
Adjustment, per revenue agent's
report
11,499.05
57,843.06
Less 1/2 assets retained, at agreed
value
13,701.75
Basis in partnership interest sold
44,141.31
Sale price paid by Cates
32,640.60
Loss
$11,500.71
Petitioner's computation is in error in assuming the loss was half the face amount of the Cannon notes outstanding on December 31, 1941. This assumption gives no consideration to the book value of the equipment treated by the partners as assets in place of the notes. An adjustment for half the book value of these assets gives a figure approximating the loss computed by the *259 respondent. The respondent's computation results in a loss almost identical with the amount added by the revenue agent's report to petitioner's income as gain from the transaction with Cannon. This is consistent with petitioner's argument that whatever petitioner gained from the transaction with Cannon he lost in the settlement with Cates. The petitioner has shown no error in the respondent's computation which is based upon stipulated figures. We find the amount of the loss to be $11,500.71, as computed by the respondent. Petitioner contends that the entire loss is deductible. Respondent says the loss is to be treated as a capital loss. We have consistently held that a sale by a partner of his interest in a partnership is a sale of a capital asset, the gain or loss resulting to be taxed or deductible as capital gain or loss. Dudley T. Humphrey, 32 B.T.A. 280; Allan S. Lehman, 7 T.C. 1088, affd. 165 Fed. (2d) 383; H. R. Smith, 10 T.C. 398, affd. 173 Fed. (2d) 470; Estate of Aaron Lowenstein, 12 T.C. 694 (on appeal, C.A. 5). The agreement between petitioner and Cates, the pertinent parts of which are set *260 out in our original findings of fact, is a contract to sell petitioner's interest in the partnership including trade name and good will and excepting only specified properties. A bill of sale executed by petitioner transferred all his right, title and interest in and to the partnership business and partnership assets. The loss upon the sale was a capital loss and, under Section 117 (b) of the Internal Revenue Code as applicable in 1941, only 50 per cent of the loss is to be taken into account. Decision will be entered under Rule 50.